JACK G. and M. GEORGETTE ANDREWS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Andrews v. Commissioner
Docket No. 20930-84.
United States Tax Court
T.C. Memo 1985-559; 1985 Tax Ct. Memo LEXIS 73; 50 T.C.M. (CCH) 1404; T.C.M. (RIA) 85559; November 13, 1985. Charles M. Rieders, for *74 the petitioners. Jane T. Dickinson, for the respondent. PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was assigned to Special Trial Judge Marvin F. Peterson pursuant to section 7456, [1] Internal Revenue Code of 1954, as amended. This case is before the Court on petitioners' Motion for an Award of Reasonable Litigation Costs filed on May 21, 1985, pursuant to section 7430 and Rule 231. [2] The issues for decision are (1) whether petitioners substantially prevailed in this action; and (2) whether respondent's position in the civil proceedings was unreasonable. If these issues are resolved in favor of petitioners, the Court must then determine the amount to be awarded petitioners for reasonable litigation costs. BACKGROUND Petitioners Jack G. Andrews and M. Georgette Andrews resided in Merritt Island, Florida at the time the petition herein was filed. Petitioners filed their joint Federal income tax return with the Internal Revenue Service Center *75 in Philadelphia, Pa. Pursuant to an audit of their 1980 income tax return, respondent issued a "30 day letter" dated July 11, 1983, in which respondent proposed adjustments affecting petitioners' income tax liability for 1980. On August 3, 1983, petitioners filed a letter of protest, prepared by their accountant, in which they set forth their objections to the various adjustments proposed in respondent's 30 day letter. Petitioners included in their protest letter a request for an appeals conference on those matters to be held in Jacksonville, Florida. Petitioners were not granted an appeals conference by respondent. On March 27, 1984, respondent issued a notice of deficiency in which he determined a deficiency in the amount of $13,214.49. Petitioners filed the petition herein on June 25, 1984, and assigned error to each adjustment set forth in the notice of deficiency, except for an additional personal exemption allowed by respondent. Respondent filed an answer on August 13, 1984, and, shortly thereafter, referred the case to the Jacksonville Appeals Office for the purpose of settling the case without trial. During October 1984, a settlement conference was held between *76 the parties at which time they reached a settlement as to the various issues in dispute. Pursuant to their agreement, the parties filed with the Court a stipulation of settled issues reflecting the amounts to be allowed by respondent as to each of the six disputed issues as follows: Original Adjustment
Adjustment Under
Adjustment
to Income
Settlement
Section 911 foreign earned
income exclusion
$22,225.00 $22,225.00 Employee business expenses
8,538.00 5,902.00 Section 913 excess foreign
living expenses
(21,442.00)
(14,761.00)
Value of housing provided
by employer [3]
16,418.00 4,050.00 Sales tax deduction
265.00 Charitable contribution deduction
1,101.00 581.00 Net adjustment to income
$27,105.00 $17,997.00 The settlement resulted in a decrease in petitioners' deficiency as originally determined by respondent for 1980 from $13,214.49 to $7,737.42. Petitioners now move this Court to award them reasonable litigation costs totaling $9,886.25 *77 pursuant to section 7430. DISCUSSION The prevailing party in certain civil tax proceedings may be awarded a judgment for reasonable litigation costs. Sec. 7430(a). In order to be considered a "prevailing party" under section 7430(c)(2) the party seeking the award must establish that the position of the United States in the civil proceeding was unreasonable and that they have substantially prevailed with respect to either (1) the amount in controversy or (2) the most significant issue or set of issues presented. Secs. 7430(c)(2)(A)(ii)(I) and (II). Petitioners contend that they are entitled to reasonable litigation costs because they substantially prevailed with respect to the most significant set of issues (specifically, the employee business expenses, the adjustment for employer-provided housing and the deductions for sales tax and charitable contributions). Petitioners also contend that respondent's position in the civil proceeding was unreasonable because respondent's position prior to the filing of the petition was arbitrary and clearly erroneous. In so arguing, petitioners agree that respondent's position since the filing of the petition has been reasonable, but ask *78 this Court to reconsider its prior holding that the reasonableness of respondent's position in the civil proceeding is to be tested only during the litigation commencing with the filing of the petition. Baker v. Commissioner,83 T.C. 822, 827 (1984), on appeal (6th Cir., Mar. 20, 1985). Respondent does not dispute that petitioners have exhausted their administrative remedies as required by section 7430(b)(2). Respondent argues that petitioners' motion for litigation costs should be denied because petitioners were not the prevailing party. Respondent also argues that, in the event we find that petitioners are entitled to reasonable litigation costs, the amounts claimed by petitioners are excessive or in some instances do not fall within the definition of "reasonable litigation costs" under section 7430(c)(1). For the reasons explained below we agree with respondent's first argument and, therefore, need not decide the amount or the reasonableness of the alleged litigation costs. We find that petitioners have not prevailed with respect to the amount in controversy. We base this conclusion upon the fact that respondent determined a deficiency for the year 1980 in *79 the amount of $13,214.49 and the parties entered into a stipulated decision for the entry of a deficiency in the amount of $7,737.42. Clearly, respondent has prevailed as it pertains to the amount in controversy. Consequently, petitioners can be considered the prevailing party only if they substantially prevailed with respect to the most significant issue or set of issues involved. Generally, the most significant issues in a tax controversy will be those involving the largest dollar amounts. However, certain issues involving smaller dollar amounts may, nonetheless, be the most significant issues because of their effect on other transactions or future years. The legislative history of section 7430(c)(2) supports such a conclusion. H. Rept. 97-404, at 15 (1981), states as follows: Generally, the decision on the amount in controversy will be determinative; however, tax litigation often involves multiple issue cases. In such cases, one issue may involve a smaller dollar amount than the other issue or issues but may be the most significant issue for the government or for the taxpayer. This may occur because of the importance of the issue in other transactions or future years. *80 To accommodate this possibility, the bill provides that a prevailing party may be one that prevails on such an issue. Although petitioners succeeded in reducing the amount of income added for employer-provided housing, respondent prevailed on the more important issue of whether those amounts constituted additional income. Petitioners likewise succeeded in sustaining the sales tax deduction claimed, but it is clear that such issue only involved substantiation of such amounts, and that it has no effect on other transactions. Petitioners did not prevail with respect to employee business expenses and the charitable contribution deduction since the record clearly shows that respondent prevailed on these issues. Moreover, we find that petitioners conceded the most significant issues in this case, namely the foreign earned income exclusion and the exclusion from income of employer-provided housing. We find, therefore, that petitioners did not substantially prevail with respect to the most significant issue or set of issues in this case. Based on the foregoing, we hold that petitioners are not the prevailing party as defined in section 7430(c)(2). Accordingly, we deny petitioners' *81 motion for reasonable litigation costs. Due to our decision on this issue, we need not address the remaining issues in this case. [4]
An appropriate order and decision will be entered.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. As part of the settlement petitioners conceded the issue, raised in their petition, of whether the value of the employer-provided housing was excludable under section 119.↩
4. Because of our holding in this case we need not address the issue of whether the litigation costs claimed were reasonable. Further, there is no need to reconsider our holding in Baker v. Commissioner,83 T.C. 822↩ (1984), on appeal (6th Cir., Mar. 20, 1985) as urged by petitioners.