S. Don HUCKABY, Plaintiff-Appellant,

v.

**UNITED STATES DEPARTMENT OF
the TREASURY, Internal Revenue
Service, Defendant-Appellee.**

**No. 85–2564.**

United States Court of Appeals,
Fifth Circuit.

Nov. 12, 1986.

Charles J. Escher, Urquhart & Hassell,
Edward D. Urquhart, Houston, Tex., for
plaintiff-appellant.

Kathryn E. Rooklidge, Glenn L. Archer,
Jr., Asst. Atty. Gen., Michael L. Paup,
Chief, Appellate Sec., Richard W. Perkins,
U.S. Dept. of Justice, Tax Div., Wash-
ington, D.C., Joseph A. Pitzinger, III, Dept.
of Justice, Tax Div., Dallas, Tex., for de-
fendant-appellee.

Before WILLIAMS, JOLLY and HIGGINBOTHAM, Circuit Judges.

## ON PETITION FOR REHEARING

(794 F.2d 1041, 5th Cir.1986,
July 23, 1986)

PER CURIAM:

In *Huckaby v. United States Dept. of Treasury, IRS,* 794 F.2d 1041 (5th Cir. 1986), we held that the government was liable to the plaintiff Don Huckaby for an unlawful disclosure of his tax return information under 26 U.S.C. § 7431. The case was remanded for determination of costs and a reasonable attorney's fee. *Id.* at 1050–51. The government petitions for rehearing on the issue of attorney's fees, arguing that Huckaby is not entitled to attorney's fees, either under 26 U.S.C. § 7430, or under the Equal Access to Justice Act, 28 U.S.C. § 2412. In the alternative, the government requests that the issue of Huckaby's entitlement to attorney's fees be remanded to the district court. Because we conclude that Huckaby is entitled to attorney's fees under 26 U.S.C. § 7430, the government's petition for rehearing is denied.

Section 7430 of the Internal Revenue Code, 26 U.S.C. § 7430, governs the awarding of costs and fees to litigants in tax cases. Section 7430(a) specifies when litigation costs may be recovered:

(a) In general.—In the case of any civil proceeding which is—

(1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and

(2) brought in a court of the United States (including the Tax Court and the United States Claims Court),

the prevailing party may be awarded a judgment for reasonable litigation costs incurred in such proceeding.

Section 7430(c)(1)(A)(iv) specifies that litigation costs include: "reasonable fees paid or incurred for the services of attorneys in connection with civil proceedings."

We conclude that section 7430 applies to Huckaby's suit brought under section 7431 because Huckaby's underlying claim[1] "was in connection with the determination, collection or refund of any tax, interest, or panalty"; Huckaby's claim arose because the IRS was in possession of Huckaby's records for the purpose of determining his tax liability.

A more difficult question is whether Huckaby qualifies as a "prevailing party." Section 7430(c) provides the following definition of "prevailing party":

(A) *In general.*—The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which—

(i) establishes that the position of the United States in the civil proceeding was unreasonable, and

(ii) (*I*) has substantially prevailed with respect to the amount in controversy, or

(*II*) has substantially prevailed with respect to the most significant issue or set of issues presented.

(B) *Determination as to prevailing party.*—Any determination under subparagraph (A) as to whether a party is a prevailing party shall be made—

(1) by the court, or

(2) by agreement of the parties.

The government argues that Huckaby is not a prevailing party because he has not shown that the government's position was unreasonable, nor has he substantially prevailed as to the most significant issues presented. We disagree and hold that Huckaby does qualify as a prevailing party.

---

1. 26 U.S.C. § 7431 provides relief to persons whose tax returns have been unlawfully disclosed by government employees. In this case, we found that the government had violated section 6103 which requires written authorization prior to the release of federal tax information to state tax authorities.

■ The question whether Huckaby has established that the position of the government was unreasonable is not a simple one. There is a lack of helpful case law in this area, although the government correctly points out that the fact that it lost the case cannot be dispositive of reasonableness, otherwise the "unreasonable position" limitation would be meaningless. The government also finds support in the language from the House Report which suggests that a government position cannot be unreasonable if a district court rules in its favor. (H.R.Rep. No. 404, 97th Cong., 1st Sess at 15). But this factor, obviously an important consideration, cannot be dispositive of the question of reasonableness since it would automatically require appeal courts to assume that every district court acts on a soundly reasoned basis in every tax case. Because this will not always be true, we must make a distinction between cases in which there exist two plausible interpretations and cases in which the district court simply misconstrues the statute and underlying regulations. We held in our earlier opinion that the present case is of the latter class. Another factor potentially in the government's favor is that this case is one of first impression involving novel issues. Although the government's position has been found unreasonable when it has been contrary to established prior decisions, *Columbus Fruit & Vegetable Coop. Ass'n v. United States*, 8 Cl.Ct. 525 (1985), where the issue is one of first impression, at least one court has held the government's position to be reasonable even where the Commissioner on appeal conceded all issues which gave rise to deficiencies. *Baker v. Commissioner of Internal Revenue Service*, 83 T.C. 822 (1984).

■ On balance, however, we conclude that the government's position was unreasonable because the actual arguments advanced by the government either rang hollow or were specious or defied its own regulations. We rejected the government's argument that collateral estoppel precluded Huckaby's claim because there was no identity of issues with the prior proceeding and thus it was clear that the government's argument failed. *Huckaby v. United States Dept. of Treasury, IRS*, 794 F.2d at 1046. We also rejected the interpretation of 26 U.S.C. § 6103 [2] which the government urged successfully upon the district court. *Id.* at 1047. That interpretation held that oral consents by the taxpayer were sufficient to authorize this disclosure. We rejected the position as being contrary to clear statutory intent, and further noted that it would lead to absurd results. *Id.* at 1047. And while we accepted the government's contention that an objective standard applied to the good-faith exception to section 7431, we held that it was self-evident that Agent Martin was not acting in good faith because a reasonable IRS agent would know the relevant statutory provisions by consulting IRS manuals, which Martin did not do. *Id.* at 1048–49.

■ The government argues that Huckaby has not met the second prong of the "prevailing party" requirement of section 7430(c)(2)(A)(ii) since he collected only $1,000 out of a possible $8,000 statutory award, and failed to collect punitive damages (which could have added another $20,000 to the award). Furthermore, Huckaby has prevailed on only one of his allegations of unlawful conduct (Agent Martin's pro-

---

**2.** 26 U.S.C. § 6103 provides in relevant part:

(d) Disclosure to State tax officials.—

(1) In general.—Returns and return information with respect to taxes imposed by chapters 1, 2, 6, 11, 12, 21, 23, 24, 31, 32, 44, 45, 51, and 52 and subchapter D of chapter 36 shall be open to inspection by, or disclosure to, any State agency, body, or commission or its legal representative, which is charged under the laws of such State with responsibility for the administration of State tax laws for the purpose of, and only to the extent necessary in,

the administration of such laws, including any procedures with respect to locating any person who may be entitled to a refund. *Such inspection shall be permitted, or such disclosure made, only upon written request by the head of such agency, body, or commission*, and only to the representatives of such agency, body or commission designated in such *written request* as the individuals who are to inspect or to receive the returns or return information on behalf of such agency, body, or commission. (Emphasis added.)

viding Huckaby's records to state agent Dolezal). Huckaby, however, has prevailed on the primary issue: whether the government was liable for tax return disclosures that were given without *written consent.* Section 7430(c)(2)(A)(ii)(II) is phrased in terms of issues not claims. We therefore hold that Huckaby has met the second prong of the "prevailing party" requirement.

We are aware of the fact that the issues posed by the government's request for a rehearing are novel ones on which there is a scarcity of authority. Nevertheless, for the reasons we have stated, we are convinced that our prior decision to award Huckaby attorney's fees was indeed correct. We therefore deny the government's petition for a rehearing.

PETITION FOR REHEARING DENIED.