936 F.2d 583
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Kathy NOLLSCH, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-8112.
 United States Court of Appeals, Tenth Circuit.
 June 17, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Kathy Nollsch appeals from the district court's judgment awarding her damages and costs in her successful suit against the Internal Revenue Service (IRS) under 26 U.S.C. Sec. 7431 (1988) for the unauthorized disclosure of her tax returns.
 
 Section 7431 provides in pertinent part:
 
 3
 "(a) In general.--
 
 
 4
 (1) Disclosure by employee of United States.--If any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.
 
 
 5
 "....
 
 
 6
 "(c) Damages.--In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in any amount equal to the sum of--
 
 
 7
 (1) the greater of--
 
 
 8
 (A) $1,000 for each act of unauthorized disclosure of a return or return information with respect to which such defendant is found liable, or
 
 
 9
 (B) the sum of--
 
 
 10
 (i) the actual damages sustained by the plaintiff as a result of such unauthorized disclosure, plus
 
 
 11
 (ii) in the case of a willful disclosure or a disclosure which is the result of gross negligence, punitive damages, plus
 
 
 12
 (2) the costs of the action."
 
 
 13
 The district court granted summary judgment in favor of Ms. Nollsch on the issue of liability. After a trial to determine damages, the court held that Ms. Nollsch failed to prove she sustained actual damages due to the unauthorized disclosure. The court therefore denied her claim for punitive damages and awarded her $1,000.
 
 
 14
 Ms. Nollsch first argues that the district court erred by not awarding her the $10,000 she prayed for in count three of her complaint for damages to her reputation and property. She claims that the government conceded this issue below. However, the record does not support a concession of Count III by the IRS. Moreover, not only did Ms. Nollsch not present evidence at trial to support this claim, she expressly maintained at that time that her actual damages amounted to only $2,607.45--none of which she attributed to damage to her reputation or property. Indeed, in her brief to this court, Ms. Nollsch seems to concede she did not attempt to prove damages under this theory. See Appellant's Brief at 9. But, even if she did, the amount of damages incurred is a question for the trier of fact that will not be disturbed on appeal unless it is clearly erroneous. Cf. Bill's Coal Co. v. Bd. of Public Utilities, 887 F.2d 242, 245 (10th Cir.1989). Because Ms. Nollsch failed to designate the trial transcript as part of the record on appeal, we are unable to review the district court's determination on this issue. See United States v. Mobile Materials, Inc., 871 F.2d 902, 918 (10th Cir.1989), cert. denied, 110 S.Ct. 837 (1990); United States v. Hart, 729 F.2d 662, 671 (10th Cir.1984) ("It is the responsibility of the appellant to insure that all materials on which [she] seeks to rely are part of the record on appeal."), cert. denied, 469 U.S. 1161 (1985).
 
 
 15
 Ms. Nollsch next contends that the IRS should have been subject to punitive damages, arguing that the district court erred by not finding that the unauthorized disclosure was willful or grossly negligent. Again, this issue is largely one of fact that is to be reviewed under the clearly erroneous standard. See United States v. Roberts, 898 F.2d 1465, 1468 (10th Cir.1990) (where question involves primarily a factual inquiry, clearly erroneous standard appropriate). Therefore, it is also one we are unable to review without the aid of a trial transcript.
 
 
 16
 Finally, Ms. Nollsch maintains that the district court erred by refusing to award as costs under 26 U.S.C. Sec. 7430 (1988) and 28 U.S.C. Sec. 1920 (1988) expenditures for paralegal assistance and money lost due to the work she missed to prepare for the case. The IRS answers that section 7430 is inapplicable to an unauthorized disclosure case and that, by its terms, section 1920 does not provide compensation for these types of costs. We review denial of litigation costs under an abuse of discretion standard. Meller v. Heil Co., 745 F.2d 1297, 1304 (10th Cir.), cert. denied, 467 U.S. 1206 (1984).
 
 
 17
 In order to be awarded costs under section 7430, a taxpayer must prove that she was the "prevailing party" within the meaning of the statute. Huckaby v. Dep't of Treasury, 804 F.2d 297, 298 (5th Cir.1986). Section 7430(c)(4) provides the following definition of "prevailing party":
 
 
 18
 "(A) In general.--The term 'prevailing party' means any party to any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved)--
 
 
 19
 (i) which establishes that the position of the United States in the proceeding was not substantially justified,
 
 
 20
 (ii) which--
 
 
 21
 (I) has substantially prevailed with respect to the amount in controversy, or
 
 
 22
 (II) has substantially prevailed with respect to the most significant issue or set of issues presented.
 
 
 23
 .............................................................
 
 
 24
 ...................
 
 
 25
 * * *
 
 
 26
 ....
 
 
 27
 * * *
 
 
 28
 "(B) Determination as to prevailing party.--Any determination under subparagraph (A) as to whether a party is a prevailing party shall be made by agreement of the parties or--
 
 
 29
 (i) in the case where the final determination with respect to the tax, interest, or penalty is made at the administrative level, by the Internal Revenue Service, or
 
 
 30
 (ii) in the case where such final determination is made by a court, the court."
 
 
 31
 Sec. 7430(c)(4) (emphasis added). There is no indication in the record before us that Ms. Nollsch attempted below to establish that the position of the United States was substantially unjustified. See Smith v. United States, 735 F.Supp. 1396, 1401 (C.D.Ill.1990) (fact that district court granted summary judgment in favor of plaintiff on issue of liability does not establish that position of government not substantially justified); see also Huckaby, 804 F.2d at 299 (same under prior version of Sec. 7430 requiring government's position to be "unreasonable"). Thus, we cannot say the court abused its discretion in denying costs under section 7430.
 
 
 32
 Ms. Nollsch's costs must therefore be limited to those allowed under section 1920. That section provides:
 
 
 33
 "A judge or clerk of any court of the United States may tax as costs the following:
 
 
 34
 (1) Fees of the clerk and marshal;
 
 
 35
 (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
 
 
 36
 (3) Fees and disbursements for printing and witnesses;
 
 
 37
 (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
 
 
 38
 (5) Docket fees under section 1923 of this title."
 
 
 39
 Neither paralegal assistance nor time spent in preparation for self-representation are listed as allowable costs under section 1920. Consequently, the court did not abuse its discretion in its award of costs.
 
 
 40
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3