6 F.3d 545
 72 A.F.T.R.2d 93-6156, 62 USLW 2227, 93-2
USTC P 50,544
 Scott McLARTY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-2967.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 14, 1993.
Decided Oct. 1, 1993.
 
 Anne Marie Fealey, Denver, CO, argued (William C. Waller, on brief), for appellant.
 Thomas J. Clark, Dept. of Justice, Washington, DC argued (James A. Bruton, Gary R. Allen, and Jonathan S. Clark, on brief), for appellee.
 Before LOKEN, Circuit Judge, ROSS, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 LOKEN, Circuit Judge.
 
 
 1
 After accepting the government's offer to settle his suit for wrongful disclosure of tax information, Scott McLarty petitioned for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412, or, alternatively, under 26 U.S.C. Sec. 7430. Applying the latter statute, the district[1] court denied the petition on the ground that the government's litigation position was substantially justified. McLarty appeals, and on appeal both parties contend that the EAJA rather than the tax statute applies. We agree that the EAJA is the governing statute but nonetheless affirm.
 
 I.
 
 2
 In March 1987, McLarty, a Georgia attorney, applied for admission pro hac vice to the District of Minnesota bar to represent Joseph Gorman, then under indictment for conspiracy to commit tax fraud. In response, Minnesota Assistant United States Attorney Donald M. Lewis submitted thirteen documents detailing McLarty's extensive criminal and disciplinary record. Lewis had obtained these documents from the United States Attorney for the Northern District of New York. District Judge Edward J. Devitt denied admission "[b]ased on [McLarty's] record of criminal history and unprofessional conduct" and later issued a twelve-page Memorandum and Order detailing McLarty's long history of drug and alcohol abuse, prior criminal convictions, and unprofessional conduct in the Northern District of New York and elsewhere.
 
 
 3
 While investigating this application, Lewis also obtained copies of McLarty's 1982-85 federal tax records from IRS Special Agent Patrick Henry and submitted those records to Judge Devitt and to local Minnesota counsel for Gorman and McLarty. Although Judge Devitt's orders did not refer to McLarty's federal tax filing history, after his application was denied, McLarty complained that both Henry and Lewis had wrongfully disclosed his tax returns and return information in violation of 26 U.S.C. Sec. 6103. The government rejected McLarty's demand to settle the matter for $2,000 and an admission of wrongdoing, explaining that the disclosures were permitted under Sec. 6103(h) as "disclosures for purposes of tax administration." McLarty then commenced this action for unauthorized disclosure under 26 U.S.C. Sec. 7431, asserting that his damages included $50,000 in fees lost in not defending Gorman and at least $40,000 per year in additional lost earnings after 1988, plus damages for anger and humiliation.
 
 
 4
 The district court denied the government's motion for summary judgment, concluding that "under no circumstances could a pro hac vice hearing be deemed a matter of tax administration" under 26 U.S.C. Sec. 6103(h), and that the question whether defendants knew the disclosures were unauthorized precluded summary judgment on the government's good faith defense under 26 U.S.C. Sec. 7431(b). McLarty v. United States, 741 F.Supp. 751, 755, 758 (D.Minn.1990). After this court adopted an objective standard of good faith in Diamond v. United States, 944 F.2d 431, 435-36 (8th Cir.1991), the district court granted summary judgment for McLarty because "a reasonable IRS agent or Assistant United States Attorney would know that McLarty's pro hac vice application for admission to the court was itself not a 'matter involving federal tax administration' under [Sec. 6103]." McLarty v. United States, 784 F.Supp. 1401, 1404 (D.Minn.1991).
 
 
 5
 The district court certified its summary judgment order for interlocutory appeal under 28 U.S.C. Sec. 1292(b). The government instead made an offer of judgment for $3,000, the statutory minimum damages for three wrongful disclosures. McLarty accepted the offer and then filed this petition for his attorney's fees under the EAJA or 26 U.S.C. Sec. 7430.
 
 
 6
 The district court denied McLarty's application for attorney's fees and expenses. Though expressing doubt, the court followed Huckaby v. United States Dept. of Treasury, 804 F.2d 297 (5th Cir.1986), and held that Sec. 7430 applies to McLarty's application.[2] The court then held that the government's position was "substantially justified" because "the government, though found to have lacked objective good faith in its disclosure, was substantially justified in defending against plaintiff's claim." The good faith defense "lent itself to reasonable differences of interpretation," and McLarty's substantial demands of up to $250,000 in actual damages and $100,000 for settlement justified the government's vigorous defense. Therefore, the court concluded, attorney's fees may not be awarded because McLarty is not a "prevailing party" under Sec. 7430(c)(4)(A)(i).
 
 
 7
 McLarty appeals, arguing that the EAJA should apply and that the government's position was not substantially justified for purposes of either statute. On appeal, the government asserts (i) that Huckaby was wrongly decided and Sec. 7430 does not apply; (ii) that the EAJA does not apply and therefore the district court lacked jurisdiction to award McLarty attorney's fees; and (iii) that its position was substantially justified under either statute.
 
 
 8
 II. 26 U.S.C. Sec. 7430.
 
 
 9
 Before 1982, the EAJA authorized the award of attorney's fees to prevailing parties in civil tax cases before the district courts but not before the United States Tax Court. To remedy that inequity, Congress enacted Sec. 7430 and made it the exclusive provision for the award of attorney's fees in the government's civil tax litigation.[3]
 
 
 10
 Section 7430 grants discretion to award a prevailing party reasonable litigation costs, including attorney's fees, in "any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title." Sec. 7430(c)(1)(B)(iii). Though Sec. 7430 and EAJA are generally similar, there are important differences that reflect some of the unique policies underlying tax litigation, such as an exhaustion requirement, Sec. 7430(b)(1); a specific definition of eligible costs in administrative tax proceedings, Sec. 7430(c)(2); and a different definition of "position of the United States," Sec. 7430(c)(7). See generally Smith v. Brady, 972 F.2d 1095, 1099 (9th Cir.1992). For this reason, we agree with the many cases that have applied Sec. 7430 broadly to litigation arising out of the government's tax determination and collection efforts.[4]
 
 
 11
 Here, McLarty sued for wrongful disclosure of his tax return information. Though McLarty's remedy is found in the Internal Revenue Code, 26 U.S.C. Sec. 7431, the disclosures of which he complained occurred, not "in connection with the determination, collection, or refund" of his taxes, but in connection with his application for pro hac vice admission as attorney for a defendant in a criminal tax prosecution. Therefore, applying Sec. 7430 to this case is inconsistent with the plain language of the statute. Moreover, since the alleged wrongful disclosures did not arise in the context of determining or collecting McLarty's taxes, applying the EAJA in this case will not frustrate Sec. 7430's purpose of avoiding undue interference with the government's administration of the tax laws.
 
 
 12
 In Huckaby, the Fifth Circuit nevertheless held that Sec. 7430 applies to any Sec. 7431 claim based upon wrongful disclosure of tax records that the IRS came to possess "for the purpose of determining [plaintiff's] tax liability." 804 F.2d at 298. We disagree. Section 7430 applies only to "proceedings ... brought ... in connection with the determination, collection, or refund of any tax." Section 7431 imposes liability for any violation of Sec. 6103. Section 6103 generally protects the confidentiality of tax "returns and return information"; it is not limited to tax "determination, collection, or refund" proceedings. Mindful of the Supreme Court's admonition that an attorney's fee award statute "must be strictly construed in favor of the United States," Ardestani v. I.N.S., --- U.S. ----, ----, 112 S.Ct. 515, 520, 116 L.Ed.2d 496 (1991), we will not disregard Sec. 7430's limiting language and apply it to a wrongful disclosure claim that was completely unrelated to any civil tax proceeding.[5]III. EAJA.
 
 
 13
 In his initial brief, McLarty urged us to apply the more liberal provisions of the EAJA found in 28 U.S.C. Sec. 2412(d)(1)(A) rather than Sec. 7430. The government responded that Sec. 2412(d) does not apply to "cases sounding in tort," such as McLarty's. Tacitly conceding this issue, McLarty did an about face in his reply brief and argued that we should apply Sec. 7430 instead of the EAJA. The government's position is correct. A disclosure in violation of Sec. 6103 is a tort. See Johnson v. Sawyer, 980 F.2d 1490 (5th Cir.1992). Therefore, a claim under Sec. 7431 is a "case sounding in tort" and attorney's fees may not be awarded under Sec. 2412(d).
 
 
 14
 However, this conclusion does not end our EAJA inquiry. Under the EAJA, the government is also "liable for such fees and expenses to the same extent that any other party would be liable under the common law," 28 U.S.C. Sec. 2412(b). To qualify for an award under Sec. 2412(b), McLarty must establish that the government has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." F.D. Rich Co. v. United States ex rel Indus. Lumber Co., 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974). A court's inherent power to award attorney's fees against a litigant guilty of bad faith "depends not on which party wins the lawsuit, but on how the parties conduct themselves during the litigation." Chambers v. NASCO, Inc., --- U.S. ----, ----, 111 S.Ct. 2123, 2137, 115 L.Ed.2d 27 (1991). In determining whether to award an attorney's fee because of the government's bad faith, "[t]he court may consider conduct both during and prior to the litigation, although the award may not be based solely on the conduct that led to the substantive claim." Perales v. Casillas, 950 F.2d 1066, 1071 (5th Cir.1992); see also Association of Flight Attendants v. Horizon Air Indus., Inc., 976 F.2d 541, 548-550 (9th Cir.1992).
 
 
 15
 In this case, the district court concluded that the government "was substantially justified in defending against McLarty's claim." This determination precludes McLarty from recovering under Sec. 2412(b). Although the district court did not specifically consider bad faith, its "finding that the government's position was 'substantially justified' implicitly holds that it was not taken in 'bad faith.' " Trucks, Inc. v. United States, 763 F.2d 339, 341 (8th Cir.1985). The district court's substantial justification conclusion is well supported in the record and is not an abuse of discretion. See Pierce v. Underwood, 487 U.S. 552, 563-68, 108 S.Ct. 2541, 2549-52, 101 L.Ed.2d 490 (1988).
 
 
 16
 For the foregoing reasons, although we conclude that the district court erred in applying Sec. 7430 to McLarty's attorney's fee claim, its substantial justification determination establishes that McLarty is not entitled to an attorney's fee award under the EAJA. Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE DONALD D. ALSOP, then Chief Judge and now Senior United States District Judge for the District of Minnesota
 
 
 [2]
 See also Smith v. United States, 735 F.Supp. 1396, 1400 (C.D.Ill.1990) (following Huckaby even though the contrary interpretation of Sec. 7430 "appears correct"), rev'd on other grounds, 964 F.2d 630 (7th Cir.1992)
 
 
 [3]
 The EAJA now does not apply to any proceeding governed by Sec. 7430. See 28 U.S.C. Sec. 2412(e)
 
 
 [4]
 See, e.g., Miller v. Alamo, 983 F.2d 856 (8th Cir.1993) (government's assertion of tax lien); Smith v. Brady, 972 F.2d at 1098-1100 (suit to expunge letter from IRS tax audit files); Kenagy v. United States, 942 F.2d 459 (8th Cir.1991) (responsible person penalty assessment for unpaid payroll taxes); In re Testimony of Arthur Andersen & Co., 832 F.2d 1057 (8th Cir.1987) (IRS petition to access records in anticipation of refund litigation)
 
 
 [5]
 We do not consider the situation in which an alleged wrongful disclosure under Sec. 7431 occurred in the course of tax collection. See William E. Schrambling Accountancy Corp. v. United States, 689 F.Supp. 1001 (N.D.Cal.1988) (applying Sec. 7430), rev'd on other grounds, 937 F.2d 1485 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 956, 117 L.Ed.2d 123 (1992). Though not a Sec. 7431 case, Smith v. Brady held that Sec. 7430 applied because an IRS letter "was [improperly] sent in the course of an audit of the Smiths' tax return and therefore the Smiths' claims arose 'in connection with' the determination of their taxes." 972 F.2d at 1099