T.C. Memo. 1999-30

UNITED STATES TAX COURT

JOHN C. AND KAROL BOWDEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11152-95.                    Filed February 1, 1999.

<u>David P. Leeper</u>, for petitioners.

<u>Gerald L. Brantley</u>, for respondent.

MEMORANDUM OPINION

DEAN, <u>Special Trial Judge</u>: This case was assigned to Special
Trial Judge John F. Dean for the purpose of disposing of
petitioners':  (1) Motion for an Award of Reasonable Litigation
Costs; and (2) Motion to Determine Prevailing Party Pursuant to

Rules 230 through 233.[1] Respondent filed responses to both motions. Neither party requested a hearing. Rule 232(a).

Accordingly, we rule on petitioners' motions on the basis of the parties' submissions and the record in this case. The underlying issues raised in the petition were settled, and the Court entered a stipulated decision.

Upon petitioners' subsequent filing of the motions, the decision was vacated and set aside. The order decreed that the stipulated decision document was to be filed as a Settlement Stipulation.

Respondent determined deficiencies in petitioners' Federal income taxes for the taxable years 1991, 1992, and 1993 in the amounts of $102,781, $6,262, and $1,323, respectively. John C. and Karol Bowden resided in El Paso, Texas, at the time their petition was filed.

## Background

John Bowden, Inc. (the corporation), was incorporated by John Bowden (petitioner) in June 1991 to perform services in the insurance industry. Prior to its incorporation, petitioner operated his business as a sole proprietorship, working under contract as a district manager for a group of insurance

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure. All section references, unless otherwise noted, are to the Internal Revenue Code.

- 3 -

companies[2] in the El Paso, Texas, area. Pursuant to the contract, petitioner recruited and trained insurance agents to sell insurance exclusively for the insurance companies with which he had contracted. After incorporation of his business, petitioner continued to perform substantially the same services for the insurance companies that he performed prior to incorporation, but now he worked as an employee of the corporation.[3]

Petitioner served as the sole director of the corporation, and his wife, Karol Bowden, served as secretary.[4] The corporate minutes reflect that B. Kent Straughan was appointed as corporate accountant and was instructed to handle the tax preparation and accounting requirements associated with the incorporation. E. P. "Bud" Kirk was appointed as corporate attorney.

In a transaction to which section 351 is applicable, petitioner transferred property to the corporation in 1991 consisting of $10,000 cash, an airplane with a zero basis, a Ford

[2]The insurance companies are Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange, Mid-Century Insurance Co., Farmers' Texas County Mutual Insurance Co., and Farmers New World Life Insurance Co.

[3]Because petitioner no longer operated the business as a sole proprietorship, the insurance companies renewed their service contract with petitioner's corporation, with petitioner personally performing the services.

[4]The corporate minutes reflect that Karol Bowden served as temporary secretary for purposes of the corporate meetings.

van with a stated basis of $21,139, a computer system with a stated basis of $97, office furniture and equipment with a stated basis of $241, and insurance premium renewals with a stated basis of $245,000.

In return, the corporation issued petitioner 1,000 shares of stock. The corporation also assumed a $220,468 liability, evidenced by a note, that petitioner had incurred to acquire his ex-wife's community property interest in the sole proprietorship. Assumption of the debt by the corporation did not relieve petitioner of his primary liability on the note.

Upon incorporation, an account payable of $60,009 was created on the books of the corporation to pay cash to petitioner or pay other personal expenses on his behalf in the amounts of $15,768, $21,540, and $23,951, for the years 1991, 1992, and 1993, respectively.[5]

Respondent issued a notice of deficiency to petitioners for taxable years 1991, 1992, and 1993, determining that they must recognize net capital gain on incorporation of the business in the amount of $280,477. The explanation of adjustments in the notice of deficiency states that in taxable year 1991, petitioners received boot in the amounts of $60,009 in cash from

---

[5]Although the parties stipulated the yearly amounts paid to petitioner, the Court notes that the sum of these three payments exceeds the $60,009 account payable recorded on the books of the corporation. It is unclear to what source the additional funds paid to petitioner were attributable.

the note payable and $220,468 for the note assumed by the corporation for petitioner's liability to his ex-wife.

Respondent also denied $13,885 in business expenses for 1991 and determined petitioners received constructive dividend income in the amounts of $28,197 for 1991 and $13,651 for 1992.  In addition, their taxable income was increased in the amounts of $32,976 and $1,547 for 1991 and 1992, respectively, pursuant to the passive activity loss limitation provisions of section 469. For taxable years 1992 and 1993, respondent characterized petitioners' reported self-employment income as wage income and disallowed deductions of $10,000 and $9,500, respectively, for their contribution to a Simplified Employee Pension/Keogh Plan.

Petitioners filed a petition with the Court, alleging error in each determination contained in the notice of deficiency. Respondent filed an answer denying each allegation contained in the petition.

Respondent subsequently filed an amendment to answer asserting that the insurance premium renewals transferred to the corporation had a basis of zero, not $245,000 as stated by petitioners in their 1991 tax return.  The amendment to answer also asserted that there was a deficiency attributable to gain resulting from the difference between the $220,468 liability assumed by the corporation and the adjusted basis of all the

property transferred, including the insurance renewal contract rights with a zero basis.

The net capital gain to be recognized by petitioners under these circumstances would be $249,000, consisting of the $60,009 account payable and $188,991 in excess debt assumed over the total basis of property transferred.

Disputing respondent's contentions, petitioners filed two motions to shift the burden of proof to respondent on the grounds that (1) respondent's amended answer contained a new matter for which respondent should have the burden of proof pursuant to Rule 142(a), and (2) respondent erroneously determined the boot received in the section 351 transaction. Petitioners also filed a motion to strike the notice of deficiency, alleging that the notice of deficiency was arbitrary and erroneous. Petitioners' motions were denied by order.

This case was eventually settled, and deficiencies were stipulated in the amounts of $88,292, $4,044, and $1,323 for taxable years 1991, 1992, and 1993, respectively. Petitioners then filed a motion for an award of reasonable litigation costs and a motion to determine prevailing party.

## Discussion

Taxpayers may be awarded an amount for reasonable litigation costs if they meet the requirements of section 7430. In order to qualify for such an award, a party must: (1) Qualify as a

prevailing party; (2) have exhausted available administrative remedies; (3) not have unreasonably protracted the court proceeding; and (4) show that the costs claimed are reasonable litigation costs incurred in connection with the court proceeding. Sec. 7430(c)(4), (b)(1), (b)(4), (a)(2). The taxpayers have the burden of establishing that all the foregoing criteria have been satisfied. See Rule 232(e); Maggie Management Co. v. Commissioner, 108 T.C. 430 (1997).

Both petitioners and respondent agree that all the administrative remedies available within the Internal Revenue Service have been exhausted. There is some dispute, however, as to the other requirements of section 7430.

### Prevailing Party

To be a "prevailing party", a taxpayer must establish: (1) The taxpayer substantially prevailed with respect to either the amount in controversy or the most significant issue or set of issues presented; (2) the position of the United States was not substantially justified; and (3) the taxpayer met the net worth requirements of 28 U.S.C. section 2412(d)(2)(B) (1994) at the time the petition was filed. Sec. 7430(c)(4).

Respondent concedes that petitioners meet the net worth requirements. Therefore, we need examine only the question of whether petitioners substantially prevailed with respect to the amount in controversy or the most significant issue or issues

presented in their case, and whether the Government's litigation position was substantially justified.  See Swanson v. Commissioner, 106 T.C. 76, 86 (1996).

Substantially Prevail Requirement

In petitioners' motion to determine the prevailing party, petitioners argue that because respondent ultimately agreed to a reduced deficiency and settled the case on a different legal theory from that on which the notice of deficiency was issued, petitioners are the prevailing party with respect to the most substantial issue in their case.  Respondent, on the other hand, denies that the case was settled on a new legal theory and further alleges that the settlement did not substantially reduce the deficiency.  Rather, respondent contends that the settlement reduced the ultimate deficiency amount only by about $10,000 and respondent prevailed on 88 percent of the adjustment.

To determine whether the taxpayer has substantially prevailed within the meaning of section 7430(c)(4)(A), we look to the final outcome of the case, whether by judgment or settlement. Cassuto v. Commissioner, 936 F.2d 736, 741 (2d Cir. 1991), affg. in part and revg. in part 93 T.C. 256 (1989).  Section 7430(c)(4)(A)(i) is phrased in terms of issues, not claims.  See Huckaby v. United States, 804 F.2d 297, 299 (5th Cir. 1986).

In this case, the issues presented were:  (1) Whether petitioners must recognize net capital gain on the incorporation

of their insurance business; (2) whether the self-employment income reported on petitioners' Schedule C should be reclassified as wage income; (3) whether petitioners are entitled to deduct certain expenses on the Schedule C; (4) whether petitioners received constructive dividends; (5) whether petitioners are entitled to deduct rental losses; and (6) whether petitioners are allowed a deduction for contributions to petitioner's retirement plan.

The record does not reflect, and the parties did not provide the Court with the details surrounding, the settlement of these issues. If petitioners prevail on the most significant issue, however, they have satisfied the requirement of section 7430(c)(4)(A). See Huckaby v. United States, supra.

Based on documents contained in the record, the most significant issue in this case was whether petitioners must recognize gain upon the transfer of assets and liabilities to the corporation. Upon settlement of this case, petitioners conceded that they must indeed recognize such gain.

Petitioners argue, nevertheless, that because they recognized gain under section 357(c) instead of section 357(b), they are the prevailing party on this issue. We disagree. Given the facts and circumstances of this case, we find it irrelevant whether gain was recognized under section 357(c) or 357(b). Simply stated, petitioners must recognize gain due to the

transfer of assets and liabilities in a section 351 transaction and therefore did not substantially prevail on the most significant issue in the case.

We are puzzled by petitioners' unyielding attention to the section 357(b) and (c) distinction. Petitioners filed a motion to shift the burden of proof to respondent on the basis that the Government's amendment to answer asserted gain under section 357(c) and contained a new matter and because the calculation of gain to be recognized by petitioners was incorrect. This motion was denied by order of this Court, determining that the section 357(c) gain was not a new issue in the case, and the burden of proof did not shift to respondent. In light of this Court's order, we shall not rule in favor of petitioners on a theory that the section 357(c) issue was not encompassed by the notice of deficiency. Our earlier ruling concluded that the section 357(c) issue was indeed contemplated by the notice of deficiency, and we decline to revisit the issue on petitioners' motion.

With respect to the amount in controversy, the parties settled on tax deficiency amounts of $88,292, $4,044, and $1,323 for taxable years 1991, 1992, and 1993, respectively. These settlement figures amount to 86 percent, 65 percent, and 100 percent of the total amounts determined in the notice of deficiency. Therefore, petitioners have not shown that they are the prevailing party with respect to either the amount in

controversy or with respect to the most significant issue presented. See <u>Bragg v. Commissioner</u>, 102 T.C. 715 (1994).

Because petitioners are not the prevailing party, we need not decide whether petitioners' litigation costs are reasonable, or whether petitioners unreasonably protracted the court proceedings. Accordingly, we hold for respondent and petitioners' motions for litigation costs and to determine prevailing party will be denied.

To reflect the foregoing,

<u>An appropriate Order and</u>

<u>Decision will be entered</u>