T.C. Memo. 2014-44

UNITED STATES TAX COURT

MARY C. MCCAULEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 956-11.                    Filed March 13, 2014.

<u>Dolores C. Pino</u>, for petitioner.

<u>Robert M. Romashko</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, <u>Judge</u>:  The petitioner, Mary C. McCauley, was involved in an administrative dispute with the IRS regarding her 2006 income-tax liability. After she resolved the dispute through a compromise agreement, she requested that the IRS reimburse her for the costs that she contended she incurred during the dispute.  The IRS Office of Appeals denied her request.  McCauley now petitions

[*2] for review of this denial.  We have jurisdiction under section 7430(f)(2).[1]  See also sec. 301.7430-2(c)(7), Proced. & Admin. Regs.  We hold that McCauley is not entitled to recover any costs because she was not the prevailing party in her dispute.

FINDINGS OF FACT

Some of the facts in this case have been stipulated.  We incorporate those facts in the Court's findings of fact.  McCauley was a resident of Illinois when she filed her petition.

In 2006, McCauley received $32,000 in settlement of an employment-discrimination lawsuit against a former employer.  In that lawsuit she was represented by attorney Dolores Pino.  She paid Pino $13,679.50 in 2006 for handling the lawsuit.  Besides the settlement proceeds, McCauley received $20,116.50 in wages and $14,392.20 in taxable Social Security benefits during 2006.

Assisted by Pino, McCauley filed her federal income-tax return for the 2006 tax year.  The return reported a tax liability of $3,249.  The taxable income upon which this tax liability was based reflected the following calculations:

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 in effect at all relevant times.

**[*3]** ● Taxable income did not include the $20,116.50 in wages. (The $20,116.50 was reported as wages on one part of the return.  However, it was omitted from the computations of taxable income.)

● Taxable income included the $14,392.20 in taxable Social Security benefits.

● Taxable income included the $32,000 of settlement proceeds.

● Taxable income was reduced by $13,679.50 for the amount McCauley paid Pino for handling the employment-discrimination lawsuit.  (However, the $13,679.50 appeared on the return in such a way that it was not apparent that it corresponded to a payment for attorney's fees or that it corresponded to any payment at all.)

In September 2007 the IRS sent McCauley a Notice CP11 in which it recalculated McCauley's tax liability as $11,076.[2]  The taxable income upon which this tax liability was based reflected the following calculations:

---

[2]A CP11 is a notice the IRS uses to inform a taxpayer of an amount due as a result of mathematical or clerical errors on a return.

[*4]   • Taxable income included the $20,116.50 in wages.

   • Taxable income included the $14,392.20 in taxable Social Security benefits.

   • Taxable income included the $32,000 of settlement proceeds.

   • Taxable income was not reduced by $13,679.50.

On September 17, 2007 the IRS assessed the $11,076 tax liability reflected on the Notice CP11.

McCauley disputed the assessment with the IRS. She was represented by Pino. McCauley took the position that the $3,249 tax liability reported on her 2006 return was correct and the $11,076 tax liability that the IRS assessed was wrong. The IRS took the position that the $11,076 assessment was correct.

During her dispute with the IRS McCauley had a hearing with the IRS Office of Appeals. On January 21, 2009, the Office of Appeals notified McCauley that it had decided that the $11,076 assessment was correct.

In January 2010, Pino spoke with an IRS examiner. Shortly afterwards, the IRS reached a compromise agreement with McCauley regarding her 2006 income tax liability. The compromise agreement was reflected in an amended return that McCauley submitted on February 2, 2010, and by an abatement of tax by the IRS on March 15, 2010. On the amended return McCauley calculated her taxable

[*5] income by including the $20,116.50 in wages. The amended return reported tax liability of $7,626. The abatement of tax resulted in the abatement of $3,450, an amount that corresponds to a reduction in McCauley's taxable income by the $13,679.50 in attorney's fees. After the abatement, $7,626 was left unabated. The parties' positions and their compromise agreement are illustrated by the following table:

| Income items and corresponding tax due | McCauley's position taken on her return (and later) | IRS position taken in its Notice CP11 and its Appeals Office decision of Jan. 21, 2009 (and later) | Compromise agreement between McCauley and IRS reflected in amended return and abatement of tax |
|---|---|---|---|
| Wages | -0- | $20,116.50 | $20,116.50 |
| Taxable Social Security benefits | $14,392.20 | 14,392.20 | 14,392.20 |
| Settlement | 32,000.00 | 32,000.00 | 32,000.00 |
| Attorney's fees | -13,679.50 | -0- | -13,679.50 |
| Tax | 3,249.00 | 11,076.00 | 7,626.00 |

On April 11, 2010, McCauley mailed the IRS a request for reimbursement of the costs she allegedly incurred during her dispute. After receiving no response from the IRS for over six months, McCauley filed a petition with this Court.

**[*6]**                                    OPINION

Under section 7430, a taxpayer who has prevailed in an administrative proceeding with the IRS may be entitled to the reasonable administrative costs incurred in connection with the proceeding. To be awarded administrative costs, the taxpayer must prove that she was the "prevailing party" in the administrative proceeding. Sec. 7430(a), (c)(4); Tax Ct. R. Pract. & Proc. 232(e). The "prevailing party" is the party who has "substantially prevailed with respect to the amount in controversy or * * * has substantially prevailed with respect to the most significant issue or set of issues presented", sec. 7430(c)(4)(A), and who meets other requirements.

The "amount in controversy shall include the amount in issue as of the administrative proceeding date". Sec. 301.7430-5(d), Proced. & Admin. Regs. The "administrative proceeding date" is defined as the earlier of (1) the date of the notice of deficiency or (2) the date the taxpayer received the notice of the decision of the IRS Office of Appeals. Sec. 301.7430-3(c)(1), Proced. & Admin. Regs. The IRS did not issue a notice of deficiency to McCauley. Its Office of Appeals issued a notice of its decision on January 21, 2009. Therefore, the "administrative proceeding date" is the date that McCauley received this notice, presumably sometime shortly after its issuance on January 21, 2009.

[*7]    In her dispute with the IRS McCauley took the position that her tax liability

was $3,249.  She maintained this position from the time she filed her return in

2007 until the parties reached the compromise agreement around January 2010.

The IRS took the position that McCauley's tax liability was $11,076.  It

maintained this position from the time it issued the CP11 in September 2007 until

the parties reached a compromise agreement around January 2010.  The difference

between the two party's positions--$7,827--is "the amount in issue" or the

"amount in controversy".  Of the $7,827 amount in controversy, McCauley

prevailed as to $3,450 (i.e., the IRS's $11,076 position minus the $7,626 reflected

in the compromise agreement).  Thus, of the $7,827 in controversy, McCauley

prevailed as to only 44% (i.e., $3,450/$7,827).  On the basis of that percentage, we

hold that McCauley did not substantially prevail with respect to the amount in

controversy.  See Bragg v. Commissioner, 102 T.C. 715, 719-720 (1994)

(taxpayers who had prevailed with respect to about 30% of the amount in

controversy were not prevailing parties); see also Andrews v. Commissioner, T.C.

Memo. 1985-559, 50 T.C.M. (CCH) 1404, 1405-1406 (1985) (taxpayers who

prevailed with respect to about 41% of the amount in controversy were not

prevailing parties).

**[\*8]**  We also hold that McCauley did not substantially prevail with respect to the most significant issue presented.  The two issues presented in her dispute with the IRS were:  (1) whether her taxable income should be reduced by $13,679.50 for the attorney's fees for her employment-discrimination lawsuit and (2) whether her taxable income should include $20,116.50 in wages.  We hold that the attorney's-fee issue was not the most significant issue.  In dollar amount, the attorney's-fee issue was worth less than the wage issue.  The attorney's-fee issue did not affect McCauley's other tax years.  See sec. 301.7430-5(e), Proced. & Admin. Regs. ("An issue or set of issues constitutes the most significant issue or set of issues presented if, despite involving a lesser dollar amount in the proceeding than the other issue or issues, it objectively represents the most significant issue or set of issues for the taxpayer or the Internal Revenue Service.  This may occur because of the effect of the issue or set of issues on other transactions or other taxable years of the taxpayer or related parties.").  The attorney's-fee issue was not a threshold, or "primary", issue relative to the wage issue.  The two issues were unrelated.  Cf. Huckaby v. United States Dep't of the Treasury, 804 F.2d 297, 298-300 (5th Cir. 1986) (in a wrongful-disclosure lawsuit against the IRS, the most significant issue was whether the IRS was liable for damages, not the amount of

[*9] damages).  Although McCauley prevailed on the attorney's-fee issue, this was not the most significant issue presented.

In summary, McCauley did not substantially prevail; therefore, she was not the prevailing party.  Therefore, she is not entitled to an award of any administrative costs she may have incurred.  In reaching our holdings, we have considered all arguments made by the parties, and to the extent that we have not discussed them, we find that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.