JACKSON B. BRAGG AND SUZANNE BRAGG, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 18827–90.          Filed May 24, 1994.

*B. Gray Gibbs*, for petitioners.
*Charles A. Baer*, for respondent.

OPINION

WRIGHT, *Judge*: This matter is before the Court on petitioners' motion for an award of reasonable litigation costs under Rule 231 and section 7430.[1] The merits of the underlying case were decided in *Bragg v. Commissioner*, T.C. Memo. 1993–479, filed October 18, 1993, and to the extent necessary for the disposition of this motion, the facts and holdings in T.C. Memo. 1993–479 are incorporated by this reference.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

For taxable year 1985, the issues for decision were: (1) Whether petitioners were entitled to a claimed charitable contribution deduction under section 170 in the amount of $145,000 for the donation of a boat hull to a charitable organization; (2) whether petitioners were entitled to deduct rental expenses with respect to alleged rental property which they own in North Carolina; (3) whether petitioners were entitled to a bad debt deduction for sums paid to or on behalf of their son Charles Bragg; (4) whether petitioners were liable for additions to tax for fraud under section 6653(b)(1) and (2); (5) whether petitioners were liable for an increase in interest on a substantial underpayment attributable to tax-motivated transactions under section 6621(c); (6) whether petitioners were liable for an addition to tax for a substantial understatement under section 6661; and (7) whether petitioners were liable for an addition to tax under section 6659 for a valuation overstatement.

Under section 7430(a), a "prevailing party", in specified civil tax proceedings, may be awarded a judgment for reasonable litigation costs. To be a prevailing party under section 7430(c)(4), the party seeking such award must: (1) Establish that the position of the United States in the proceeding was not substantially justified, sec. 7430(c)(4)(A)(i); (2) substantially prevail with respect to the amount in controversy, or have substantially prevailed with respect to the most significant issue or set of issues presented, sec. 7430(c)(4)(A)(ii); and (3) establish that he or she had a net worth which did not exceed $2 million at the time the proceeding was commenced, sec. 7430(c)(4)(A)(iii).

Whether the position of the United States in this proceeding was substantially justified depends on whether respondent's positions and actions were reasonable in light of the facts of the case and the applicable legal precedents. *Sher v. Commissioner*, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). Petitioners bear the burden of proving that respondent's position was not substantially justified. Rule 232(e); *Baker v. Commissioner*, 83 T.C. 822, 827 (1984), vacated and remanded on other grounds 787 F.2d 637 (D.C. Cir. 1986).

Additionally, a judgment for litigation costs will not be awarded under section 7430(a) unless the Court determines: (1) That the prevailing party has exhausted the administra-

tive remedies available with the Internal Revenue Service, sec. 7430(b)(1); and (2) that the prevailing party has not unreasonably protracted the court proceeding, sec. 7430(b)(4). See *Polyco, Inc. v. Commissioner*, 91 T.C. 963 (1988); *Sher v. Commissioner, supra* at 83.

A party seeking litigation costs bears the burden of proving that he is entitled to them. *Coastal Petroleum Refiners, Inc. v. Commissioner*, 94 T.C. 685, 688 (1990); *Stieha v. Commissioner*, 89 T.C. 784, 790 (1987). We now examine the abovementioned factors as they bear on the issues presented in the instant case.

Petitioners claimed a $145,000 charitable contribution deduction in 1985 for the donation of a boat hull. Petitioners were unable to sell the hull after 11 years of effort, and the hull was eventually sold for scrap by the charitable organization to which it was donated. We allowed a deduction of $45,000 based on the testimony of a marine consultant, who, while representing a potential buyer of the hull, valued the hull at $45,000 in 1985. The buyer made an offer of $45,000 for the hull, which offer was rejected by petitioners.

Respondent's position was that the value of the donated hull was zero; petitioners claimed the value to be $145,000. Petitioners, in their motion, argue that respondent's position was not substantially justified because respondent valued the hull at zero. We found that the market for boat hulls had been severely depressed, as evidenced, inter alia, by the unsuccessful 11-year effort to sell the hull. We further found that the value of any item cannot be determined in a vacuum; market conditions are a factor to be considered, and the value of the hull was affected by the poor market. Respondent's position was based upon petitioners' inability to sell the hull despite their 11-year effort, the highly depressed market for boat hulls in 1985 or any other year, and the fact that the hull was suspected of having damaged welds. We find, given these facts, respondent had a reasonable basis in fact and law for determining the market value for the donated boat hull to be zero.[2]

---

[2] For civil tax actions or proceedings commenced after Dec. 31, 1985, sec. 1551(d)(1) of the Tax Reform Act of 1986, Pub. L. 99–514, 100 Stat. 2085, 2752, changed the language describing the position of the United States from "unreasonable" to "was not substantially justified". This and other courts, however, have held that the "substantially justified" standard is not a departure from the previous reasonableness standard. *Sokol v. Commissioner*, 92 T.C. 760, 763–764 n.7

Respondent's position with respect to the addition to tax for fraud issue under section 6653(b) was, inter alia, that petitioners intentionally overstated the value of the boat hull for purposes of obtaining a larger charitable contribution deduction, provided inconsistent or implausible explanations for their behavior, and used an altered document to retroactively reflect a transaction in the light in which they wanted it to appear. Respondent also pointed to a past finding of fraud against petitioners as probative of fraudulent intent in the instant case.[3]

At the outset, we noted in the underlying opinion that the instant case arguably bordered on a finding of fraud. We held, however, that clear and convincing evidence of fraud did not exist. In their motion, petitioners do not address the reasonableness of respondent's position with respect to the fraud issue. Our holding sustaining petitioners on the issue of fraud, however, does not satisfy petitioners' burden of showing that respondent's litigation position was unreasonable. *Sokol v. Commissioner*, 92 T.C. 760 (1989). Based upon the facts of the instant case, we find that respondent had a reasonable basis in fact and law for determining that petitioners were liable for the addition to tax for fraud under section 6653(b). We further find that petitioners have failed to establish that respondent's position was not justified on this issue.

Respondent was sustained on all other issues in the case including the disallowance of a rental expense deduction claimed by petitioners with respect to expenses incurred in connection with their vacation home located on Ski Mountain, North Carolina. Petitioners not only failed to advertise or rent the property in 1985, but also refused to rent the property, located on a ski mountain, to skiers.

Respondent was also sustained on the issue of whether petitioners were entitled to bad debt deductions in 1985 for alleged loans made to or on behalf of their son in connection with legal fees their son had incurred with respect to his 1985 criminal convictions for racketeering and conspiracy to

---

(1989); *Sher v. Commissioner*, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988).

[3] See *Bragg v. Commissioner*, 856 F.2d 163 (11th Cir. 1988), affg. T.C. Memo. 1986–562, in which it was held that petitioner Dr. Jackson B. Bragg was liable for the fraud addition to tax for 1980 and 1981 for concealing kickback income he received from a clinical laboratory of a hospital in which he was a one-third owner and for misleading the Internal Revenue Service.

traffic in marijuana. On petitioners' 1985 return, they claimed the amounts advanced to their son as short-term capital losses. The term "bad debt" was nowhere mentioned on petitioners' 1985 return. Petitioners previously claimed a bad debt deduction in 1984 for a guarantee on a loan to a relative which had been disallowed. Petitioners described the deduction on their 1984 return as a "bad debt". We found that the advances petitioners made to their son in 1985 were not bona fide debts but were clearly gifts or advances for which they had no reasonable expectation of being repaid, and respondent was sustained on this issue.

Moreover, respondent was sustained on the issues concerning the additions to tax for a valuation overstatement under section 6659, a substantial understatement of tax under section 6661, and an increase in interest on a substantial underpayment attributable to tax-motivated transactions under section 6621(c).

Thus, of the seven issues presented in the underlying controversy, petitioners were narrowly sustained on one issue, the addition to tax for fraud; were only partially sustained on the issue of the charitable contribution deduction; and lost on the remaining five issues presented. Taking all seven issues into consideration, petitioners lost 80 percent of their case. Even if we were to exclude the three issues relating to the additions to tax and focus our inquiry exclusively on the four substantive issues presented, petitioners still fail to meet the requirement that they substantially prevailed under section 7430(c)(4)(A)(ii). Petitioners lost two issues outright and two-thirds of the third of the four substantive issues presented. In other words, petitioners prevailed with respect to less than 33 percent on the substantive issues, which percentage we hardly consider to be substantial. With respect to the amount in controversy, exclusive of the amounts relating to the additions to tax, we upheld a deficiency in the amount of $53,350, more than 70 percent of the total amount determined in the notice of deficiency. Therefore, no matter which method or manner of analysis we use under section 7430(c)(4)(A)(ii), petitioners come out substantially defeated. Accordingly, we find that petitioners failed to prove that they substantially prevailed with respect to either the amount in controversy or with respect to the most significant issue or

set of issues presented as required under section 7430(c)(4)(A)(ii).

In addition to the foregoing, petitioners have failed to satisfy their burden of proof with respect to the net worth requirement. See *Polyco, Inc. v. Commissioner*, 91 T.C. 963, 966 (1988). In defining a prevailing party, section 7430(c)(4)(A)(iii) incorporates the net worth requirement of 28 U.S.C. sec. 2412(d)(2)(B) (1988), which provides that a "party" means an individual whose net worth did not exceed $2 million at the time the civil action was filed. Rule 231(b)(5) requires a statement, supported by an affidavit, executed by the moving party and not by counsel for the moving party, that the moving party meets the net worth requirements, if applicable. In their motion, petitioners failed to address the net worth requirement but were allowed an opportunity to correct that error. Subsequently, petitioners supplemented their motion for litigation costs. The supplement contained a statement signed by petitioners' counsel that petitioners met the net worth requirement at the time they filed their petition in this case. No affidavit executed by petitioners was provided. Moreover, the supplemental motion contained no other information relating to petitioners' net worth. See *Dixson Intl. Serv. Corp. v. Commissioner*, 94 T.C. 708, 718–719 (1990).

We find that petitioners have failed to satisfy their burden of proof with respect to any and all requirements entitling them to reasonable litigation costs. Petitioners have failed to show this Court that respondent's litigation positions were not substantially justified, that they substantially prevailed in the controversy either with respect to the amount in controversy or the issues presented, and that they met the net worth requirement. Furthermore, this Court has been furnished with no sufficient evidence concerning whether petitioners exhausted all available administrative remedies or whether petitioners unreasonably protracted the court proceeding, as neither party has addressed these issues. Accordingly, petitioners' motion for award of reasonable litigation costs is denied.

In addition, it is the opinion of this Court that petitioners' counsel may have unreasonably multiplied the proceedings in this case, within the meaning of section 6673(a)(2), in filing a motion for reasonable litigation costs which appears to bor-

der on being both frivolous and groundless. Of the seven issues presented in this case, petitioners were narrowly sustained on the issue of fraud,[4] only partially successful with respect to the charitable contribution deduction issue, and simply lost on the remaining five issues. Given the facts of the instant case, we find that no evidence exists that could possibly sustain petitioners on their motion. Indeed, the outcome in *Bragg v. Commissioner*, T.C. Memo. 1993–479, could have been worse from petitioners' perspective, but that certainly is no basis for filing a claim for litigation costs. This appears to be the type of conduct referred to in section 6673(a)(2), which permits this Court to impose on counsel a sanction including excess attorney's fees and excess costs or expenses reasonably incurred by respondent because of such conduct. Petitioners' counsel should know that when his clients have lost an overwhelmingly large percentage of their case, the likelihood of being entitled to reimbursement for litigation costs by the opposing party with respect to such case is as great as that of making a silk purse out of a sow's ear. In our discretion, we decline to impose such a sanction at this time in this proceeding for the filing of a frivolous motion; however, we are hopeful that it will be difficult to find similarly situated attorneys in the future. In the event we do, such sanctions may be imposed.

To reflect the foregoing,

*An appropriate order and decision will be entered.*

---

[4] See *Bragg v. Commissioner*, T.C. Memo. 1993–479, in which the Court stated: "At the outset, we recognize that arguably the instant case borders on a finding of * * * fraud".