DIANE W. WOLF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wolf v. Commissioner
Docket No. 5779-90
United States Tax Court
T.C. Memo 1994-619; 1994 Tax Ct. Memo LEXIS 626; 68 T.C.M. (CCH) 1458; December 19, 1994, Filed *626 An appropriate order and decision will be entered. For petitioner: David Rodman Cohan and Lawrence J. Macklin. For respondent: Elizabeth S. Henn. WOLFE
WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: This matter is before the Court on petitioner's motion for an award of reasonable litigation and administrative costs under Rule 231 and section 7430. [1] The merits of the underlying case were decided in Wolf v. Commissioner, T.C. Memo. 1994-93, filed March 2, 1994, and to the extent necessary for the disposition of this motion, the facts and holdings in T.C. Memo. 1994-93 are incorporated by this reference. On January 17, 1990, respondent issued to petitioner a statutory notice of deficiency that reflected a deficiency in the amount of $ 8,195 for the taxable year 1979. The deficiency for *627 the taxable year 1979 resulted from the disallowance of part of a claimed net operating loss carryback from 1982 to 1979. Petitioner filed her 1982 Federal income tax return as a married individual filing separately. Petitioner and her former spouse, Morris Wolf, filed a joint 1979 Federal income tax return. Petitioner filed her petition in this case on March 28, 1990, and requested that the case be designated a Small Tax Case under section 7463 and Rule 172. At that time petitioner was appearing pro se and resided in Owings Mill, Maryland. After the failure of the parties' extended settlement negotiations, on April 8, 1991, respondent filed a Motion to Increase Deficiency and to Remove Designation as a Small Tax Case and lodged an Answer with the Court asserting an increased deficiency in the amount of $ 79,606. The motion was granted, and the Answer was filed. The increased deficiency was the result of disallowance of a Schedule E loss claimed for 1979 and computation of the net operating loss carryback from 1982 and the alternative minimum tax. On November 19, 1991, petitioner retained counsel. In this opinion we refer to the issues affecting the amount of the 1982 net *628 operating loss as the substantive issues and the issues concerning the carryback of the net operating loss to 1979 and computation of the alternative minimum tax for 1979 as the computational issues. The notice of deficiency reflected the substantive issues. The computational issues were reflected in respondent's answers and led to the increased deficiency. On April 13, 1992, respondent abandoned the position taken in the answer with respect to the computational issues. Thereafter, the case proceeded to trial on the original notice of deficiency. [2] In this Court's opinion in the underlying case, Wolf v. Commissioner, T.C. Memo. 1994-93, we sustained respondent's determinations as set forth in the notice of deficiency. Petitioner did not prevail on any of the substantive issues in this case. Section 7430 allows this Court to award reasonable administrative *629 and litigation costs to the prevailing party in civil tax litigation. To obtain an award for administrative and litigation costs, petitioner (1) must have exhausted all administrative remedies available, (2) must satisfy the statutory definition of "prevailing party" as set forth in section 7430(c)(4)(A), (3) must not have unreasonably protracted the proceedings, and (4) must show that the costs claimed are reasonable. Sec. 7430(b) and (c). Petitioner must establish all of the above elements in order to recover such an award. See Minahan v. Commissioner, 88 T.C. 492, 497 (1987); Prager v. Commissioner, T.C. Memo. 1994-420. For purposes of petitioner's motion, respondent concedes that petitioner has exhausted her administrative remedies as required by section 7430(b)(1) and that petitioner is the prevailing party within the meaning of section 7430(c)(4) with respect to the computational issues. Respondent contends that petitioner was not the prevailing party within the meaning of section 7430(c)(4)(A) with respect to the substantive issues, that petitioner unreasonably protracted the proceedings, and that the costs *630 for which petitioner claims reimbursement are not reasonable. To be a prevailing party under section 7430(c)(4), the party seeking an award for reasonable litigation and administrative costs must: (1) Substantially prevail with respect to the amount in controversy, or have substantially prevailed with respect to the most significant issue or set of issues presented, sec. 7430(c)(4)(A)(ii); (2) establish that he or she had a net worth which did not exceed $ 2 million at the time the proceeding was commenced, sec. 7430(c)(4)(A)(iii); and (3) establish that the position of the United States in the proceedings was not substantially justified, sec. 7430(c)(4)(A)(i). Petitioner substantially prevailed with respect to the amount in controversy. Respondent does not allege that petitioner failed to meet the net worth requirements of section 7430(c)(4)(A)(iii). We therefore deem that issue conceded. Whether the position of the United States in this proceeding was substantially justified depends on whether respondent's positions and actions were reasonable in light of the facts of the case and the applicable legal precedents. Bragg v. Commissioner, 102 T.C. 715, 716 (1994); *631 Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). Respondent concedes that her position with respect to the computational issues was not substantially justified.[3] We sustained respondent's determinations as set forth in the notice of deficiency. Obviously we are convinced that respondent's position with respect to the substantive issues was substantially justified. See Wolf v. Commissioner, T.C. Memo. 1994-93. Petitioner meets the definition of prevailing party in section 7430(c)(4) with respect to the computational issues, for the period of time in which respondent asserted a position which was not substantially *632 justified. Therefore, petitioner is entitled to the reasonable administrative and litigation costs that are attributable to the computational issues and that she incurred from April 8, 1991, the date on which respondent asserted the increased deficiency, through April 13, 1992, the date on which respondent conceded the computational issues, if she shows that she did not unreasonably protract the proceedings during that time frame. At the first calendar call of this case in October of 1990, the parties indicated on the record that they had reached a basis for settlement of the case. At that time the Court informed petitioner that the Court did not have jurisdiction over the 1981 taxable year. Thereafter, in personal and telephone conferences, petitioner repeatedly and explicitly advised the Court that she was unwilling to accept the settlement offers of respondent, which did not include resolution of disputes concerning the 1981 taxable year. Petitioner insisted that the parties had reached a binding basis for settlement in October of 1990, which included settlement with respect to 1981, and repeatedly requested that this Court enforce the purported settlement. In an order dated *633 May 7, 1991, this Court stated that the parties had failed to reach a basis for settlement. Petitioner filed a motion to strike respondent's answer and a motion for default on June 10, 1991, alleging that the parties had reached a basis for settlement and that the only issue to be decided by this Court was the computation of the resulting tax liability of petitioner under the purported settlement. On June 10, 1991, petitioner also filed a motion for reconsideration asking that this Court revise its order of May 7, 1991, to read that the parties had reached a basis for settlement and asking the Court to enter a decision in the case. We denied petitioner's motions on June 13, 1991. On November 15, 1991, petitioner moved for summary judgment on the basis of the purported settlement. In accordance with the agreement of the parties, on December 20, 1991, we dismissed petitioner's motion without prejudice to renew. Petitioner renewed her motion for summary judgment on May 4, 1992. On May 21, 1992, we denied petitioner's motion for summary judgment and held that the parties had not reached a binding basis for settlement and that there might be genuine issues of material fact in the *634 case. Petitioner's argument that the parties had reached a binding basis for settlement in October of 1990 repeatedly was rejected by this Court. Despite the clear statements of the Court, petitioner continued to insist that such a basis for settlement existed and repeatedly filed motions to that effect. Although petitioner on several occasions moved for this Court to enforce the purported basis for settlement, petitioner was, in fact, unwilling to settle the case and repeatedly rejected the settlement offers of respondent. Her insistence that there had been a settlement was simply erroneous. Petitioner's insistence upon enforcement of the purported basis for settlement was a waste of this Court's time and unreasonably protracted the proceedings in this case with respect to the substantive issues. Generally, a taxpayer is not entitled to litigation costs which were incurred during the period of time when she unreasonably protracts the proceedings. Sec. 7430(b)(4). In this case, however, petitioner did not unreasonably protract the proceedings with respect to the computational issues. Accordingly, petitioner is entitled to the reasonable litigation costs related to resolution *635 of the computational issues which she incurred from April 8, 1991, the date on which respondent maintained a position which respondent concedes was not substantially justified, until April 13, 1992, the date on which respondent abandoned that position. Petitioner requests reimbursement under section 7430 for the following expenses: [4]
Fees paid to accountants
$  7,904.50
Fees for LEXIS research by petitioner
12,005.00
Court costs
[1] 541.45
Out-of-pocket costs to attorneys
[2] 2,522.00
Attorneys' time fees
10,000.00
Attorneys' time fees (motion for costs)
2,500.00
Total
$ 35,472.95
*636 Section 7430(c)(2) provides that the term reasonable administrative costs includes only "costs incurred on or after the earlier of (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency." Petitioner argues that a 30-day letter which respondent mailed to her on August 2, 1989, was a "notice of decision" within the meaning of section 7430(c)(7)(B)(i). We disagree. In this case the Office of Appeals did not issue a notice of decision prior to the issuance of the notice of deficiency. The date on which respondent first took a position in an administrative proceeding for purposes of section 7430 is January 17, 1990, the date of the notice of deficiency. The costs incurred by petitioner prior to January *637 17, 1990, may not be recovered under section 7430. See sec. 7430(c)(2). The costs that petitioner incurred from January 17, 1990, until the date on which respondent took a position for purposes of recovery of litigation costs under section 7430 are administrative costs for purposes of section 7430. For purposes of the proceeding in this Court, and hence recovery of reasonable litigation costs, respondent took a position on April 8, 1991, the date she filed her answer. See sec. 7430(c)(7)(A); Han v. Commissioner, T.C. Memo. 1993-386. All costs incurred on or after April 8, 1991, are litigation costs. Petitioner is not entitled to reimbursement for administrative costs, because petitioner was not the prevailing party within the meaning of section 7430(c)(4) during the administrative proceeding. [5] Petitioner is entitled to recover reasonable litigation costs which were incurred with respect to the computational issues between April 8, 1991, and April 13, 1992, the time during which respondent maintained a position that respondent concedes was not substantially justified. *638 Section 7430(c)(1) provides that "reasonable litigation costs" includes: (1) Reasonable court costs; (2) reasonable expenses of expert witnesses; (3) the reasonable cost of any necessary study, analysis, engineering report, test, or project; and (4) reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding, subject to statutory limitations. Petitioner seeks reimbursement for court costs for the following expenditures: (1) A filing fee in the amount of $ 60.00; (2) reproduction of documents filed with the Court in the amount of $ 42.25 [6]; and (3) a fee for a copy of the trial transcript in the amount of $ 439.20. When petitioner filed her petition with this Court, respondent's position was substantially justified. In fact, we sustained all of respondent's determinations which appeared in the notice of deficiency. See Wolf V. Commissioner, T.C. Memo. 1994-93. Petitioner is not entitled to reimbursement of the filing fee paid to this Court. In addition, petitioner is not entitled to the costs incurred in acquiring a copy of the transcript of the trial in this case. By the time of trial, respondent had *639 abandoned her position with respect to the computational issues and her position with respect to the substantive issues was substantially justified. As to petitioner's claim for reimbursement of the expense for reproduction of documents, petitioner failed to explain the purpose of this expenditure or the documents which she had copied. Because petitioner has failed to show that this expenditure was related to the computational issues, we deny petitioner's request for reimbursement of the expense. Petitioner also claims reimbursement for amounts paid to LEXIS for computer research time. According to petitioner's motion and supporting affidavits, petitioner incurred costs for computer research between April 8, 1991, and April 13, 1992, in the amount of $ 1,474.11, of which $ 941.28 was incurred after petitioner *640 had retained counsel. Petitioner may only recover the expenses which she incurred for computer research if the research is considered a "study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case". Sec. 7430(c)(1)(B)(ii). Petitioner has failed to show the amount of her claimed computer research expenses that was related to the computational issues. In addition, petitioner employed counsel to perform the legal research with respect to her case, and petitioner's research very well may have been duplicative, irrelevant, or otherwise inappropriate. We find that petitioner has failed to establish that her computer research, especially the research conducted after she had retained counsel, was necessary for the preparation of her case. Accordingly, petitioner is not entitled to recover the expenses which she incurred for LEXIS computer research. Petitioner's fee arrangement with her attorneys provided for petitioner's payment of a flat fee of $ 10,000 for all time charges incurred with respect to her case, an additional $ 2,500 for all time charges incurred with respect to the motion for award of reasonable *641 administrative and litigation costs, and out-of-pocket costs incurred by her attorneys. According to petitioner's documentation, her counsel spent 472.5 hours on petitioner's case, 36 hours of which were prior to April 13, 1992. Petitioner is entitled to an award of reasonable attorneys' fees for the hours which petitioner's counsel devoted to resolution of the computational issues. Petitioner's motion, affidavits, and exhibits indicate that petitioner's counsel spent 35.4 hours on petitioner's case prior to April of 1992 but do not include a detailed description of the nature of the services performed prior to April of 1992. The record indicates that petitioner's counsel devoted 0.6 hours on April 3, 1992, to a discussion with respondent's counsel and this Court. The discussion on April 3, 1992, did not involve the computational issues; therefore petitioner is not entitled to an award of litigation costs with respect to that discussion. With respect to the 35.4 hours expended by petitioner's counsel on the underlying case for which petitioner did not provide a detailed description of the nature of the services performed, petitioner is only entitled to some of the time charges. *642 In her response to petitioner's motion, respondent indicates that most of petitioner's counsel's time prior to April of 1992 was spent on computational issues. We hold that petitioner is entitled to 67 percent of the attorneys' fees which she incurred prior to April of 1992. Petitioner incurred attorneys' time fees of $ 10,000 for 472.5 hours of work, $ 21.16 per hour. Therefore, petitioner is entitled to an award for reasonable attorneys' fees in the amount of $ 502. [7]
Petitioner claims reimbursement in the amount of $ 2,500 for attorneys' fees associated with the pursuit of petitioner's claim for administrative and litigation costs. Petitioner need not show that respondent's position in opposing the motion for administrative and litigation costs lacked substantial justification. See Tinsley v. Commissioner, T.C. Memo. 1992-195. Petitioner's counsel expended 30.4 hours in preparing *643 petitioner's motion for award of administrative and litigation costs. [8] The hourly rate for petitioner's counsel's time on the motion is, therefore, $ 82.24. Section 7430(c)(1)(B)(iii) provides that reasonable litigation costs for purposes of section 7430 include: reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding, except that such fees shall not be in excess of $ 75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for such proceeding, justifies a higher rate.
On this record, there is no evidence that petitioner's attorneys are entitled to more than $ 75 per *644 hour. Petitioner did not request a cost of living adjustment nor is there any information in the record to support such an adjustment. Accordingly, we award petitioner $ 2,280 for attorneys' time fees with respect to the motion for costs. [9] See Buck v. Commissioner, T.C. Memo. 1993-16. In addition to the flat fee, petitioner paid her attorneys $ 163 for out-of-pocket costs in relation to her motion for reasonable administrative and litigation costs. Petitioner is entitled to reimbursement for the out-of-pocket expenditures in the amount of $ 163. Petitioner also requests reimbursement of out-of-pocket costs paid to her attorneys in the amount of $ 2,359 for costs incurred with respect to the underlying case. The following costs were incurred between April 8, 1991, and April 13, 1992: Clerk, Court of Appeals
$   3.00
Clerk, United States Tax Court
35.00
Reproduction of documents
329.50
Delivery service
28.25
Facsimile
10.00
Baltimore Bar Library
4.00
Total
$ 409.75
*645 Petitioner is not entitled to reimbursement for the fee paid to the Clerk of the Court of Appeals. Petitioner did not indicate how this fee is applicable to the case at hand. In addition, petitioner is not entitled to the fee paid to the Clerk of this Court. The record indicates that this fee was incurred for the purpose of admitting one of petitioner's attorneys to practice before this Court. Admission of an attorney to practice before this Court is not a cost which is directly related to this case. Petitioner is entitled to reimbursement of the remaining fees to the extent that they were related to the computational issues. Petitioner did not distinguish the fees incurred for purposes of resolving the computational issues and fees incurred with respect to the substantive issues. We award petitioner 67 percent of the out-of-pocket costs for reproduction of documents, delivery service, facsimile, and the Baltimore Bar Library which she incurred between April 8, 1991, and April 13, 1992, which is $ 249. We award petitioner $ 2,782 for attorneys' time fees and $ 412 for out-of-pocket expenditures. [10] Petitioner's motion for administrative and litigation costs in the amount *646 of $ 3,194 will be granted. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In the Stipulation of Facts respondent formally conceded the increased deficiency which had been asserted in the answer.↩
3. We accept respondent's concession as including a concession that, despite petitioner's delays in complying with discovery, she timely furnished sufficient information and documentation so that respondent could have resolved the computational issues properly prior to April 8, 1991.↩
4. In her original motion petitioner sought reimbursement in the amount of $ 7,500 for her own time expended on the case. In her Second Supplemental Affidavit petitioner withdrew her claim for those expenses.↩
1. In her motion petitioner requested reimbursement for court costs in the amount of $ 2,850. In her Second Supplemental Affidavit petitioner reduced her claimed costs to $ 541.45 because her counsel had erroneously included expenses that were unrelated to this case in the motion as initially filed.↩
2. In her motion petitioner initially requested reimbursement of attorneys' costs in the amount of $ 2,359. In her Second Supplemental Affidavit, petitioner increased her requested costs to $ 2,522 because her attorneys incurred out-of-pocket expenses in the amount of $ 163 in connection with this motion.↩
5. Petitioner incurred the accountants' fees prior to 1991. Therefore, petitioner is not entitled to reimbursement of those expenditures.↩
6. Petitioner's motion, supporting affidavits, and exhibits do not specify the purpose of the expenditure in the amount of $ 42.25. We consider that the amount was expended generally for reproduction of documents.↩
7. The computation is as follows: [(35.4 hours times $ 21.16) times 67 percent] equals $ 502.↩
8. The hours that petitioner's attorneys spent in preparing a reply memorandum that was not requested by this Court, and not accepted, are not included in this total. We note that consideration of the proposed reply memorandum would not otherwise have affected our resolution of the issues here.↩
9. The computation is as follows: 30.4 hours times $ 75 equals $ 2,280.↩
10. The following chart summarizes the award of costs: ↩
Type of Cost
Underlying Case
Sec. 7430 Motion
Total
Attorney Time
$ 502
$ 2,280
$ 2,782
Out-of-Pocket
249
163
412
$ 3,194