124 T.C. No. 17


UNITED STATES TAX COURT


JOHN G. GOETTEE, JR. AND MARIAN GOETTEE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 26591-96.                    Filed May 31, 2005.


        Ps claimed investment credits and losses arising out of
a partnership in which they held a limited interest.  By
notice of deficiency, R disallowed these claimed credits and
losses.  Ps accepted a settlement offer from R and paid all
deficiencies and additions reflected in the entered
decision.  Ps requested abatement of interest on these
amounts.  R initially disallowed the abatement request in
full, then later allowed partial abatement.  Ps then paid
the remaining assessed interest liabilities.  Ps petitioned
this Court to review R's disallowance of interest
abatements.  After R's concessions, we determined (1) R
abused R's discretion only for the period Jan. 24 through
Apr. 24, 1995, and not for any of the other time periods
(aggregating about 15-3/4 months) specifically put in issue,

        [*] This opinion supplements our previously filed opinions in
<u>Goettee v. Commissioner</u>, T.C. Memo. 1997-454, T.C. Memo. 2003-43
(hereinafter sometimes referred to as Goettee I), and T.C. Memo.
2004-9.

and (2) R did not err in calculating the amounts of interest on any remaining issue raised by Ps.

Ps move for an award of litigation costs.

Held: Ps have not "substantially prevailed" with respect to the most significant issue or set of issues presented, nor have they "substantially prevailed" with respect to the amount in controversy. Sec. 7430(c)(4)(A)(i), I.R.C. 1986. Consequently, Ps are not the "prevailing party" (sec. 7430(c)(4)(A), I.R.C. 1986), and are not entitled to an award of reasonable litigation costs. Sec. 7430(a)(2), I.R.C. 1986.

Matthew J. McCann, for petitioners.

William J. Gregg and Warren P. Simonsen, for respondent.

OPINION

CHABOT, Judge: This matter is before us on petitioners' motion for an award of reasonable litigation costs pursuant to section 7430[1] and Rule 231.[2]

The issues for decision are:

(1) Whether petitioners are the "prevailing party" for purposes of section 7430--in particular:

(A) Whether petitioners "substantially prevailed"

---

[1] Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1986 as in effect for proceedings commenced at the time the petition in the instant case was filed.

[2] Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.

with respect to either the most significant issue or set of issues or the amount in controversy, within the meaning of section 7430(c)(4)(A)(i), or

(B) Whether respondent established that respondent's position was "substantially justified" within the meaning of section 7430(c)(4)(B)(i);

(2) Whether petitioners unreasonably protracted the proceedings; and

(3) Whether petitioners' claimed costs are unreasonable or excessive.

We reach issues (2) and (3) only if petitioners prevail, in whole or in part, on issue (1).

In their memorandum of law, petitioners requested a hearing on their litigation costs motion, on the ground that "respondent has not favored petitioners with the basis for disagreement with any allegations contained in petitioners' motion", in violation of Rule 232(b)(7). Having examined the parties' stipulations and memoranda of law, we conclude that this litigation costs motion may properly be resolved without an evidentiary hearing. See Rules 231(b)(8), 232(a)(2) (last sentence), and 232(b) (final flush language).

## Background

The underlying facts of this case are set out in detail in Goettee v. Commissioner, T.C. Memo. 1997-454, T.C. Memo. 2003-43,

and T.C. Memo. 2004-9.  We summarize the factual and procedural background briefly here and make additional findings as required for our ruling on the instant motion.

At all relevant times, petitioners resided in Maryland.

Petitioners requested an abatement of interest with respect to underpayments for 1978, 1979, 1981, 1982, and 1983, which respondent partially disallowed, and petitioners petitioned this Court under section 6404 to review that disallowance as to all 5 years.  In Goettee v. Commissioner, T.C. Memo. 1997-454, we granted respondent's motion for partial summary judgment as to 1978.  Petitioners later conceded as to 1983.  In Goettee I, what remained before us was the matter of abatement of interest with respect to the remaining 3 years (1979, 1981, and 1982) for the periods of (1) December 2, 1993, through October 26, 1994, and (2) December 14, 1994, through May 2, 1995.  In Goettee I, petitioners also urged us to order abatement for unspecified additional periods.  Finally, relying on our overpayment jurisdiction in the interest abatement area (see sec. 6404(h)(2)(B)), petitioners also contended that respondent made numerous computational errors in the interest calculations and that failure to correct those errors constitutes an abuse of discretion.  Respondent conceded that abatement was appropriate for February 25 through April 25, 1995, but contended failure to abate interest for the remaining time in dispute did not

constitute an abuse of discretion by respondent.  Respondent also
conceded some of the computational matters and disputed others in
whole or in part.  In Goettee I, we held for petitioners as to
January 25 through April 24, 1995,[3] and for respondent as to all
the remaining time periods in issue.  Also in Goettee I, we held
for respondent as to all the computational matters that
respondent had not conceded.  In other words, in addition to the
time period and other matters conceded by respondent, we held for
petitioners only as to the 1-month period of January 25 through
February 24, 1995.  In Goettee v. Commissioner, T.C. Memo. 2004-
9, we denied petitioners' motion that we reconsider our opinion
in Goettee I.

_____

Petitioners have not substantially prevailed with respect to
the most significant issue or set of issues.

Petitioners have not substantially prevailed with respect to
the amount in controversy.

### Discussion

The Congress has provided for the awarding of litigation
costs[4] to a taxpayer who satisfies a series of requirements.  Sec.

_____

[3] In Goettee I, we refused to give effect to respondent's
concession as to one of the days--Apr. 25, 1995.  See Goettee I,
n.15.

[4] Petitioners have requested only litigation costs in the
instant case, so we do not consider a possible award of
(continued...)

7430.[5]

---

[4](...continued)
administrative costs.

[5] Sec. 7430 provides, in pertinent part, as follows:

SEC. 7430 AWARDING OF COSTS AND CERTAIN FEES.

(a) In General.--In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for--

\*      \*      \*      \*      \*      \*      \*

(2) reasonable litigation costs incurred in connection with such court proceeding.

(b) Limitations.--

\*      \*      \*      \*      \*      \*      \*

(3) Costs denied where party prevailing protracts proceedings.--No award for reasonable litigation and administrative costs may be made under subsection (a) with respect to any portion of the administrative or court proceeding during which the prevailing party has unreasonably protracted such proceeding.

\*      \*      \*      \*      \*      \*      \*

(c) Definitions.--For purposes of this section--

\*      \*      \*      \*      \*      \*      \*

(4) Prevailing party.--

(A) In general.--The term "prevailing party" means any party in any proceeding to which subsection (a) applies \* \* \*--

(i) which--

(continued...)

In general, the requirements of section 7430 are in the conjunctive; i.e., the taxpayer must satisfy each of them in order to succeed.  See <u>Corson v. Commissioner</u>, 123 T.C. 202, 205-

---

[5](...continued)

         (I) has substantially prevailed with respect to the amount in controversy, or

         (II) has substantially prevailed with respect to the most significant issue or set of issues presented, and

       (ii) which meets the requirements of the 1st sentence of section 2412(d)(1)(B) of title 28, United States Code * * *

   (B) Exception if United States establishes that its position was substantially justified.--

       (i) General rule.--A party shall not be treated as the prevailing party in a proceeding to which subsection (a) applies if the United States establishes that the position of the United States in the proceeding was substantially justified.

   *     *     *     *     *     *     *

       (C) Determination as to prevailing party.-- Any determination under this paragraph as to whether a party is a prevailing party shall be made by agreement of the parties or--

   *     *     *     *     *     *     *

         (ii) in the case where such final determination is made by a court, the court.

   *     *     *     *     *     *     *

   (6) Court proceedings.--The term "court proceeding" means any civil action brought in a court of the United States (including the Tax Court * * *).

206 (2004); <u>Minahan v. Commissioner</u>, 88 T.C. 492, 497 (1987). Respondent concedes that petitioners (1) exhausted available administrative remedies (sec. 7430(b)(1)) and (2) met the net worth requirements (subpars. (A)(ii) and (D)(ii) of sec. 7430(c)(4)). Respondent contends that (1) petitioners are not "the prevailing party" because (A) petitioners did not substantially prevail (sec. 7430(c)(4)(A)(i)) and (B) respondent's position "was substantially justified" (sec. 7430(c)(4)(B)(i)); (2) the amount of costs petitioners claim is not reasonable (sec. 7430(a)(2)); and (3) petitioners "unreasonably protracted such proceedings" (sec. 7430(b)(3)).

In order to be entitled to an award of litigation costs, one of the requirements is that petitioners have "substantially prevailed". Although in general the requirements for an award are in the conjunctive, the substantially prevailed requirement is satisfied if petitioners satisfy either one of two statutory alternatives.

We proceed to consider first whether petitioners substantially prevailed with respect to the most significant issue or set of issues presented (sec. 7430(c)(4)(A)(i)(II)), and then whether petitioners substantially prevailed with respect to the amount in controversy (sec. 7430(c)(4)(A)(i)(I)).

A. <u>Most Significant Issue</u>

The parties have stipulated that they "agree that the most

significant issue raised was whether Respondent abused its [sic] discretion by denying Petitioners' claims for abatement of interest."

Petitioners assert that there were two aspects to respondent's abuse of discretion--(1) delay in performing ministerial acts and (2) error in performing ministerial acts. Petitioners point out that respondent conceded error in both aspects, contend that petitioners prevailed on both aspects, and conclude that they "satisfy the prevailing party requirement. Bowden v. Comm'r, TCM 1999-30, citing Huckaby, 804 F.2d 297 (5th Cir. 1986)."

Respondent contends:

Petitioners originally requested interest abatement of all assessed interest (other than the partial abatement granted by respondent's Appeals Office) attributable to petitioners' disallowed losses and credits claimed from their investment in Thompson Equipment Associates. Other than for a three-month period, petitioners were unsuccessful in their argument for interest abatement. Petitioners also argued for interest abatement derived from errors by respondent in the amount of interest computed.  Respondent conceded before trial * * * [several small items listed].  Other than these concessions, all of petitioners' arguments about errors in calculating interest in this case were rejected by the Court.  Goetee, T.C. Memo. 2003-43, slip op. at 66, 67, and 71.  Petitioners did not substantially prevail as to the interest abatement and interest errors issues in this litigation.

We agree with respondent.

The instant case is brought under section 6404(h)(1), to determine whether respondent's "failure to abate interest under

this section was an abuse of discretion". The parties' stipulation as to the most significant issue presented (sec. 7430(c)(4)(A)(i)(II)) basically tracks the statute's language. Thus, petitioners' overall success controls whether they substantially prevailed on the most significant issue presented. We discuss individual elements of petitioners' claims and what became of these elements, but we do so for convenience of analysis, with the focus being on the forest and not the individual trees.

Initially, petitioners proceeded pro se. In their petition, they requested abatement of interest as to 1978, 1979, 1981, 1982, and 1983. After respondent's motion for partial summary judgment was granted and respondent's motion to dismiss was denied, petitioners retained their present counsel. Goettee v. Commissioner, T.C. Memo. 1997-454. At the time of the first partial trial in the instant case, petitioners' trial memorandum requested abatement of an aggregate of about $55,000 of interest for 1979, 1981, and 1982, and ascribed this entirely to "delays attributable in part to delay by IRS personnel in their performance of ministerial acts." In their opening brief after completion of the trial in the instant case, petitioners contended that:

2. Petitioners are entitled to an abatement of interest from December 2, 1993 to October 26, 1994, and December 14, 1994 to April 25, 1995, and other periods due to delays by Respondent in performing ministerial acts.

3. Petitioners are entitled to an abatement or correction of Respondent's interest computation errors.

Petitioners' opening posttrial brief listed a number of asserted errors, the most significant of which appeared to be (1) incorrect starting dates for interest computations as to all 3 years' liabilities, and (2) respondent's failure to pay interest or provide offsets on account of a $40,000 settlement offer amount which respondent held for about 7 months.  In petitioners' motion for reconsideration of our opinion in Goettee I, they specified about 2-1/2 months of delay periods in addition to the 16-1/4 months they had specified in their opening posttrial brief.  See Goettee v. Commissioner, T.C. Memo. 2004-9, issues 2, 3, and 4.

We agree with petitioners' contention in their motion papers:

> However, the government cannot avoid an award of litigation costs by conceding a  matter when such concession is conditioned on terms unacceptable by the other party.  See, Culpepper-Smith v. U.S.A., 50 F. Supp. 2nd 425, 430 (E.D. Pa 1999).

However, we do not determine that respondent in the instant case improperly conditioned any concessions.  In evaluating the extent of petitioners' success we take into account those matters that respondent conceded (whether early or late in the proceedings) as well as the one contested matter as to which we held in part for petitioners.

Petitioners point to the fact that at one point during the

proceedings before the court respondent escalated the dispute by indicating that petitioners owed almost $15,000 additional interest and that "This was respondent's position when trial commenced". As petitioners note, this contention was raised almost 2-1/2 years after the instant case was begun, was not embodied in any document filed with the Court, and was conceded by respondent at the start of the trial (about 2 weeks after this contention was raised), before the first witness was called to the stand. This contention arose and vanished, without becoming a part of the case; it never became part of what petitioners asked this Court to require respondent to abate. Under these circumstances, we do not take this evanescent contention into account in determining whether petitioners substantially prevailed as to the most significant issue or set of issues presented.

Petitioners prevailed to some extent. They achieved some success on the delay periods and some success on the error disputes. However, these successes in the aggregate were barely more than trivial compared to petitioners' failures in the litigation. As to the delay periods, petitioners prevailed with respect to 3 months, and respondent prevailed with respect to 15-3/4 months. Goettee I, issue I; Goettee v. Commissioner, T.C. Memo. 2004-9, issues 2, 3, 4, and 5. As to the major errors disputes, petitioners prevailed on one starting date; respondent

prevailed on the two other starting dates and on the $40,000 settlement offer amount. Goettee I, issues II.A. and III. As to the other errors disputes, petitioners prevailed on several matters because of respondent's concessions, and respondent prevailed on all the unconceded items that went to opinion. Goettee I, issue II.B.

There is no indication in the record, and petitioners do not contend, that any matter as to which petitioners prevailed-- whether by respondent's concession or by our holding--would significantly benefit petitioners in later years. Cf. sec. 301.7430-5(h), Example (2), Proced. & Admin. Regs.

We conclude that, taking into account respondent's concessions as well as our holdings, petitioners have not substantially prevailed with respect to what they and respondent have stipulated to be the most significant issue or set of issues presented.

Petitioners cite only one opinion on the issue of substantially prevailing--Bowden v. Commissioner, T.C. Memo. 1999-30. In Bowden, we held that the taxpayers lost on the most significant issue presented. In Bowden, we cited Bragg v. Commissioner, 102 T.C. 715, 719-720 (1994), in which we also held that the taxpayers lost as to the most significant issue or set of issues presented. Petitioners point out that in Bowden we cited Huckaby v. United States, 804 F.2d 297 (5th Cir. 1986). In

Huckaby v. United States, 804 F.2d at 300, the Court of Appeals

stated as follows:

> Huckaby, however, has prevailed on the primary issue:
> whether the government was liable for tax return
> disclosures that were given without written consent.
> Section 7430(c)(2)(A)(ii)(II) is phrased in terms of
> issues not claims.  We therefore hold that Huckaby has
> met the second prong of the "prevailing party"
> requirement.  [Emphasis in original.]

We have not found, and petitioners have not directed our

attention to, any element in the instant case that plays a role

similar to the significance of the "written consent" issue in

Huckaby.

In Wilkerson v. United States, 67 F.3d 112, 120 (5th Cir.

1995), the Court of Appeals stated as follows:

> Wilkerson has prevailed on her claim of wrongful
> levy, but failed on all her other claims, including
> wrongful disclosure.  Although she sought a greater
> amount of damages for the disclosures, that fact alone
> does not make the disclosure issue most significant.
> See Huckaby, 804 F.2d at 299-300 (holding that a party
> was a "prevailing party" despite award of only $1,000
> out of possible $28,000 in damages).  In order to
> determine which issue is most significant, we must
> determine which issue is primary or most nearly central
> to the case.  See id. at 300 (holding an issue most
> significant because it was "the primary issue").
> Looking at the gravamen of Wilkerson's complaint, the
> primary issue was whether the levies on Wilkerson's
> property were wrongful.  The bulk of Wilkerson's claims
> were in some way derived from the wrongfulness of the
> levies.  For example, Wilkerson's argues that she is
> entitled to recover under the Fifth Amendment because
> the levies caused her to lose her business without due
> process or just compensation.  Likewise, Wilkerson
> based her claim of wrongful disclosure on a theory that
> the wrongfulness of the levies made the disclosures
> wrongful.  Although we reject this position,
> Wilkerson's complaint indicates the centrality of the

levy issue.  Accordingly, we hold that the wrongful levy issue was the most nearly central to her case.  Having prevailed on the wrongful levy issue, Wilkerson has prevailed as to the most significant issue in the case.

We have not found, and petitioners have not directed our attention to, any element in the instant case that plays a role similar to the significance of the "wrongful levy" issue in Wilkerson.

In the instant case, the parties have chosen by stipulation to conflate all the different disputes--large, small, and trivial--into one abuse of discretion issue.  In accordance with the parties' stipulation, we have evaluated the bits and pieces of the claimed abuse of discretion and concluded that by any reasonable measure of significance it was respondent and not petitioners who substantially prevailed on the most significant issue or issues presented.  Accordingly, the instant case is properly distinguishable from Huckaby and Wilkerson.  Under these circumstances, we need not, and we do not, examine into the analysis presented in Scrimgeour v. Internal Revenue, 149 F.3d 318, 326-329 (4th Cir. 1998), relating to whether section 7430 applies to disputes of the sort presented in Huckaby.

We hold for respondent on this issue.  Sec. 7430(c)(4)(A)(i)(II).

B.  Amount in Controversy

Petitioners do not contend that they substantially prevailed with respect to the amount in controversy because, they state, "no simple mathematical application of the 'amount in controversy' test seems possible in connection with this interest abatement claim."

Nevertheless, it may help to put this matter in perspective to compare petitioners' trial memorandum with the parties' joint Rule 155 computation.

### Table 1

| Year | Petitioners' Trial Memorandum "Interest Paid – Abatement Requested" | Joint Rule 155 Overpayment | Overpayment As Percent of Abatement Requested |
|------|------|------|------|
| 1979 | $36,520 | $950.97 | 2.6 |
| 1981 | 4,975 | 456.23 | 9.2 |
| 1982 | 13,952 | 1,286.15 | 9.2 |
| Totals | 55,447 | 2,693.35 | 4.9 |

As table 1 shows, petitioners claimed in their trial memorandum that they were entitled to an abatement of more than $55,000 of the interest they paid for the 3 years remaining in the case, but the parties' joint Rule 155 computation shows that they have been awarded not quite 5 percent of what they claimed.

We do not attempt in the instant case to set forth a universal definition of "amount in controversy" in interest abatement cases.  See Dixson Corp. v. Commissioner, 94 T.C. 708, 715 (1990), as to deficiency cases.  But surely, in the setting of the instant case, that amount is not less than the amount

petitioners claimed just before the start of the trial. To paraphrase our comment in <u>Bragg v. Commissioner</u>, 102 T.C. at 719, no matter which method or manner of analysis we use, petitioners come out substantially defeated.[6] Petitioners' defeat is all the clearer when the $2,700 overpayment amount (even as enhanced by interest accruing after May 6, 2003, per the parties' agreement) is compared to petitioners' claim for almost $60,000 in litigation costs. See, e.g., <u>Dang v. Commissioner</u>, 259 F.3d 204, 206 (4th Cir. 2001), affg. an unreported order and decision of this Court entered July 21, 2000.

We hold, for respondent, that petitioners did not substantially prevail with respect to the amount in controversy. Sec. 7430(c)(4)(A)(i)(I).

## C. Conclusion

Petitioners have not "substantially prevailed" with respect to either the amount in controversy or the most significant issue or set of issues presented. Accordingly, petitioners are not a "prevailing party" for purposes of section 7430. Because the requirements of section 7430 are in the conjunctive, we need not

---

[6] We note petitioners' suggestion in their legal memorandum that respondent's concession of the additional $15,000 contention "should affect any consideration of the amount in controversy component of the test." If we were to do so, adding that amount to the totals, <u>supra</u> in table 1, would result in petitioners' claiming relief of about $70,000 and obtaining relief of less than $18,000. Even under this approach, petitioners would have prevailed as to only one-fourth of the amount in controversy.

here discuss whether respondent's position was "substantially justified", whether petitioners unreasonably protracted the proceedings, or whether petitioners' claimed costs are unreasonable or excessive. Also, we do not consider whether or to what extent the analysis in Fla. Country Clubs, Inc. v. Commissioner, 122 T.C. 73 (2004), affd. 404 F.3d 1291 (11th Cir. 2005), relating to deficiency cases, applies in interest abatement cases.

For the above reasons, we hold petitioners are not entitled to litigation costs.

To reflect the foregoing,

> An appropriate order and decision will be entered denying petitioners' motion for award of litigation costs, as supplemented, and determining overpayments in accordance with the filed joint Rule 155 computations.