T.C. Memo. 2012-202

UNITED STATES TAX COURT

ARTHUR ROSE AND PHYLLIS ROSE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 605-11.                    Filed July 18, 2012.

<u>Steven M. Kwartin</u>, for petitioners.

<u>Brandon S. Cline</u>, <u>Kenneth Allan Hochman</u>, and <u>John T. Lortie</u>, for

respondent.

MEMORANDUM OPINION

HALPERN, <u>Judge</u>:  Petitioners have moved for reasonable litigation costs

(motion).  Respondent objects (objection).  We will deny the motion.

All section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts have been rounded to the nearest dollar. We draw the facts under the heading Background principally from the motion and the objection. We believe that those facts are not in controversy.

Background

Respondent determined a deficiency in, and an accuracy-related penalty with respect to, petitioners' 2007 Federal income tax. Petitioners assigned error to all of the adjustments giving rise to the deficiency and to the accuracy-related penalty. The parties filed a stipulation of settled issues (stipulation) addressing all of the adjustments and the penalty. There remains for resolution only the motion.

The circumstances giving rise to the motion are as follows. After petitioners commenced this case by filing the petition (and after respondent answered), respondent, on February 7, 2011, prematurely assessed petitioners' 2007 tax. See sec. 6213(a). On February 14, 2011, Kathi Hill, one of respondent's Appeals officers, who had on that day received the case from respondent's counsel for reconsideration, noticed the premature assessment and took steps to have it reversed. On March 1, 2011, Ms. Hill learned from petitioners' counsel that an overpayment from another year had been applied to petitioners' 2007 tax. On

March 22, 2011, Ms. Hill informed petitioners' counsel that an adjustment had been input to reverse the premature assessment and that she would call him when the refund of the overpayment had posted. On March 28, 2011, petitioners moved to restrain collection and to order a refund of amount collected (motion to restrain). On April 15, 2011, respondent filed a response to the motion to restrain in which he stated that, on April 11, 2011, the premature assessment had been abated; he also stated that he was taking steps to refund the subsequent-year overpayment applied to 2007. He argued that, because of the abatement, the motion to restrain was moot and should therefore be denied. In response, we ordered that respondent report when the refund had been made. On April 26, 2011, respondent reported that, on April 14, 2011, he had made the refund. On May 17, 2011, we denied the motion to restrain as moot.

Petitioners seek reimbursement of $3,160 for their attorney's fees and costs. They state: "the sole issue for which they are seeking * * * costs * * * is with respect to the respondent's clearly improper and illegal assessment of a tax liability for 2007".

## Discussion

### I. Introduction

Section 7430 provides that a taxpayer may recover reasonable costs, including attorney's fees, incurred in connection with any tax proceeding (administrative or judicial) against the United States if the taxpayer is the prevailing party in the proceeding. To recover costs, the taxpayer must establish: (1) he is the prevailing party, (2) he has exhausted the administrative remedies available to him, (3) he did not unreasonably protract the proceedings, and (4) the amount of the costs requested is reasonable. See sec. 7430(a), (b), and (c). The requirements are conjunctive, and the failure to satisfy any one of them will preclude an award of costs. See Minahan v. Commissioner, 88 T.C. 492, 497 (1987); Polz v. Commissioner, T.C. Memo. 2011-117. The taxpayer bears the burden of proving that he satisfies those requirements. Rule 232(e). He will not be treated as a prevailing party if the Commissioner establishes that his position in the proceeding was substantially justified. Sec. 7430(c)(4)(B)(i).

Respondent objects to the motion on the grounds that (1) petitioners are not the prevailing party and (2) their claimed litigation costs are unreasonable.[1] We

---

[1]Respondent concedes that petitioners (1) have exhausted the administrative remedies available to them and (2) have not unreasonably protracted this proceeding.

need not reach respondent's second ground because we believe that he succeeds on the first.

## II.     Prevailing Party

### A.     Introduction

The term "prevailing party" is for purposes of section 7430 a term of art.  See sec. 7430(c)(4)(A).  For petitioners to qualify as the prevailing party, they would, first, have to show that they "substantially prevailed" with respect to either the amount in controversy or the most significant issue or set of issues presented.[2]  See sec. 7430(c)(4)(A)(i).  Even if they could show one or the other, they would not be treated as the prevailing party if respondent can show that his position ("the position of the United States") in the proceeding was substantially justified.  See sec. 7430(c)(4)(B)(i).

### B.     Substantially Prevailed

#### 1.     Amount in Controversy

Petitioners make no claim that they substantially prevailed with respect to the amount in controversy.  Nevertheless, respondent argues that they did not because they were unsuccessful as to the greater part of the combined deficiency

---

[2]Respondent concedes that petitioners meet the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B).  See sec. 7430(c)(4)(A)(ii).

and penalty. The deficiency respondent determined with respect to petitioners' 2007 Federal income tax is $10,438 and the accuracy-related penalty he determined is $2,088. Pursuant to the stipulation, there is due from petitioners a deficiency of $5,950 and a penalty of $1,190. Respondent argues that, because petitioners were therefore unsuccessful as to 57% of the combined deficiency and penalty, they did not substantially prevail as to the amount in controversy. We need not decide whether petitioners substantially prevailed with respect to the amount in controversy because we treat their failure to argue the point in the affirmative as a concession that they did not. Cf. Rule 151(e)(4) and (5); Petzoldt v. Commissioner, 92 T.C. 661, 683 (1989).

### 2. Most Significant Issue or Set of Issues Presented

Nor do petitioners claim that they substantially prevailed with respect to the adjustments giving rise to the deficiency in tax or with respect to the accuracy-related penalty. That they did not so prevail is borne out by the stipulation, which shows that they prevailed only as to respondent's disallowance of their claimed medical expenses. The disallowed medical expenses were one of three adjustments (the other two involving charitable contribution and miscellaneous itemized deductions), all of which appear to have been made for lack of substantiation. The disallowed medical expenses had the smallest impact

($11,999) on petitioners' taxable income, as computed by respondent in determining the deficiency in tax. The impact of the disallowed charitable contribution and miscellaneous itemized deductions was $13,831 and $18,594, respectively.

Petitioners claim their prevailing party status with respect to the subject of the motion to restrain; i.e., "Respondent's clearly improper and illegal assessment of a tax liability for 2007". They elaborate: "Petitioners are the 'prevailing party' insofar as the Respondent admitted the illegality of the assessment made, the improper seizure and application of the Petitioners' 2010 refund against such assessment, and ultimately reversed and abated such assessment against the Petitioners, and released their 2010 income tax refund." Petitioners certainly did prevail in the sense they describe; however, that is not a sufficient showing for us to find that they are the prevailing party in this proceeding. For us to so find, we would have to find, among other things, that respondent's improper action in prematurely assessing their 2007 tax liability and applying the overpayment against that liability (the premature assessment issue) was the most significant issue presented. See sec. 7430(c)(4)(A)(i)(II). Petitioners have proposed no such finding, nor do we think that the record would support that finding. The premature assessment issue was not the primary issue in this case. See Huckaby v. U.S. Dept. of Treasury, 804 F.2d

297, 300 (5th Cir. 1986) (holding an issue most significant because it was the "primary issue"). The primary issues in the case were the adjustments giving rise to the deficiency in tax and the accuracy-related penalty. Petitioners mostly failed with respect to those issues. They prevailed with respect to the premature assessment issue, but that success was mostly won before they made the motion to restrain. Complete success was gained only days thereafter, with both respondent's Appeals officer and his counsel in this case agreeing with petitioners from the outset that the assessment was premature and thus improper. We are not convinced that, absent the filing of the motion to restrain, petitioners would not, with a little more patience, have as quickly succeeded with respect to the premature assessment issue. We consider the weight of their successes against the weight of their failures in determining the most significant issue (or set of issues) presented. See Goettee v. Commissioner, 124 T.C. 286, 292 (2005), aff'd, 192 Fed. Appx. 212, 222-223 (4th Cir. 2006). The premature assessment issue was not the most significant issue presented.

Petitioners have failed to show that they prevailed with respect to the most significant issue (or set of issues) presented. See sec. 7430(c)(4)(A)(i)(II). They thus cannot, within the meaning of section 7430(c)(4)(A), be the prevailing party in this proceeding. We therefore need not address whether, with respect to the

premature assessment issue, respondent's position was substantially justified. <u>See</u> sec. 7430(c)(4)(B).

III.     <u>Conclusion</u>

Because petitioners are not the prevailing party in this proceeding, they are not entitled to an award of reasonable litigation costs.

<u>An appropriate order and decision</u>

<u>will be entered</u>.